McKINLEY v. BROOM.

Opinion delivered March 7, 1910.

1. APPEAL AND ERROR—PROVINCE OF BILL OF EXCEPTIONS.—Alleged errors of the trial court in instructing the jury will not be considered on appeal if they are not contained in the bill of exceptions, though they are set out in the transcript. (Page 148.)

2. SAME—PROVINCE OF MOTION FOR NEW TRIAL.—Statements in a motion for new trial that certain rulings were made by the trial court and excepted to by appellant will not be considered on appeal unless it appears from the bill of exceptions that such rulings were made and excepted to; the only province of the motion for new trial being to assign the ruling or action of the court as error. (Page 148.)

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; affirmed.

*Rice & Dickson*, for appellant.

*McGill & Lindsey*, for appellee.

There was no error in the instructions given; but they are not before this court for review. It is not sufficient to incorporate the instructions in the motion for new trial, and there allege that certain of them were given and others refused. The instructions must be brought into the bill of exceptions proper, as also the exceptions thereto. 88 Ark. 350; *Id.* 505; 60 Ark. 250; 86 Ark. 486; 85 Ark. 488; *Id.* 326; 87 Ark. 50; 76 Ark. 177.

HART, J. P. McKinley brought this suit in attachment before a justice of the peace in Benton County, against L. Broom. The attachment was sustained, and judgment was rendered in favor of McKinley against Broom for $143.34. Broom appealed to the circuit court, where, in a trial before a

jury, a verdict was returned in his favor, and McKinley has appealed to this court from the judgment rendered.

Counsel for appellant assign as error the action of the court in instructing the jury, but we can not consider the instructions. What purports to be the instructions given by the court are in the transcript; but they are not contained in the bill of exceptions.

In the case of *O'Neal* v. *Barker,* 83 Ark. 133, the court held (quoting from syllabus) : "Instructions which were given or refused will not be considered on appeal, though included in the transcript, if they are not included in the bill of exceptions."

. It is true that the motion for a new trial sets out the action of the court in giving and refusing certain instructions copied therein, but in the case of *Seifrath* v. *State,* 35 Ark. 412, the court said: "Mere statements in a motion for a new trial that certain rulings were made by the court, and excepted to by a party, amount to nothing unless it is shown by the bill of exceptions that such rulings were made and excepted to. It is the office of a motion for a new trial to state the grounds on which a new trial is asked, but such grounds are not taken as true, unless shown to be so by the bill of exceptions."

On appeal from the circuit court, this court only reviews errors appearing in the record. The complaining party must first make an objection in the trial court, and this calls for a ruling on his objection. An exception must then be taken to an adverse ruling on the objection, which "directs attention to and fastens the objection for a review on appeal."

The matters complained of, together with the objections and the exceptions to the ruling of the court, must be brought into the record by a bill of exceptions; and the motion for a new trial can serve no other purpose than to assign the ruling or action of the court as error. *Werner* v. *State,* 44 Ark. 122; *Meisenheimer* v. *State,* 73 Ark. 407.

It is also objected that there is not sufficient evidence to support the verdict.

Appellant sued appellee for a balance due on account. He testified that there was a balance due him of $185.78. The record shows that an itemized statement of the account taken from the books of appellant was introduced in evidence before

the jury; but this itemized account does not appear in the record. Other evidence was adduced by appellant tending to show that appellee owed him the amount claimed; but the testimony in behalf of appellee tended to show that appellant had furnished him a statement of the account, showing the amount claimed to be due, and that he had paid the same. No useful purpose can be served by making a detailed statement of the evidence. It is sufficient to say that from it the jury might have found in favor of appellee.

We find no error in the record, and the judgment will be affirmed.