EDWARDS v. STATE.

Opinion delivered January 12, 1914.

1. HOMICIDE—CONVICTION—PROOF—VERDICT.—Where defendant was indicted for the crime of murder by striking or beating deceased with a stick, evidence that defendant killed deceased by throwing a stick of wood at him and striking deceased; *held*, sufficient to warrant a conviction of involuntary manslaughter, and that the verdict was responsive to the proof in the case. (Page 592.)

2. HOMICIDE—SELF-DEFENSE—ERRONEOUS INSTRUCTION—PREJUDICE. — An erroneous instruction in a criminal trial, on the issue of self-defense, which did not make defendant's justification depend upon the danger to himself, as it appeared to him, is not prejudicial, when the only issue was as to who was the aggressor, the testimony being very conflicting. (Page 593.)

3. APPEAL AND ERROR—FAILURE TO SAVE EXCEPTIONS.—In all cases except when there has been a conviction of a capital offense, the Supreme Court will not review alleged errors to which no exceptions have been saved. (Page 595.)

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; affirmed.

*Jas. C. Knox,* for appellant.

There was error in the court's charge. Nos. 13, 15, 18 and 19 are in conflict with No. 10 for defendant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

There is no error in the instructions. No. 13 is a copy of Kirby's Dig., § 1797. No. 15 was approved in 76 Ark. 515, and is taken from Dig., § 1798. No. 18 was not prejudicial. If defendant negligently threw a stick at defendant, he was guilty of involuntary manslaughter. 100 Ark. 330-335; 68 *Id.* 310.

McCULLOCH, C. J. The indictment charges the defendant, Walter Edwards, with the crime of murder, alleged to have been committed by striking or beating with a stick, and killing, one O. B. Towles. On the trial of the case before a jury, the defendant was convicted of involuntary manslaughter, and his punishment was fixed at one year in the State penitentiary.

The evidence shows that the defendant and Towles became engaged in an altercation, and that defendant struck Towles on the head with a stick of wood, which fractured the latter's skull, and death resulted.

There was a sharp conflict in the testimony concerning the circumstances which attended the striking of the blow. Deceased was driving along the road with his daughter, when they met defendant, and deceased accosted defendant, demanding the payment of a small sum which he claimed the latter owed him. The daughter of deceased testified that as soon as her father spoke to Edwards about the money, he refused to pay it and became abusive, and drew his knife and tried to cut deceased; that while this was going on, she drove off down

a little hill to hitch her horse, and when she came back her father had been knocked down. Her testimony, in other words, establishes the fact that defendant was the aggressor in the difficulty, and, not only attempted to cut deceased with his pocket knife, but also struck him on the head with a stick of wood.

Defendant and other eye witnesses who testified in the case gave a different version of the affair. Defendant says that deceased accosted him and demanded payment of the debt, and he replied that he wasn't prepared then to pay it; that deceased became abusive, calling him vile names, and attacked him with his knife, and that he (defendant) attempted to run away, but deceased followed. He stated that as he ran away he first picked up a piece of an old rail and threw it at deceased, but that it was rotten and broke into small pieces. He thereupon picked up a short stick, something less than two feet long, but sound, and threw it at deceased, striking him on the head. This was the blow that fractured the skull of deceased and caused his death.

It is insisted, in the first place, that the verdict is not responsive to the proof in the case, because, as it is contended, death resulted from a voluntary act of the defendant, and, in no event, was he guilty of involuntary manslaughter.

We think that the verdict was responsive to the proof in the case, and it was one which the jury might properly render under the proof in this case. As we interpret the testimony of the witnesses, the stick which was used was not one that was, ordinarily, calculated to produce death. If the jury drew a different inference from the proof, the evidence was sufficient to justify a higher degree of homicide, for the testimony of the daughter of deceased was sufficient to show that defendant was the aggressor, or that he voluntarily engaged in a fight with deceased. But if the stick used did not constitute means calculated to produce death, and the blow was inflicted without malice, then it brought the case

within the statutory definition of manslaughter, which reads as follows:

"If the killing be in the commission of an unlawful act, without malice, and without the means calculated to produce death, or in the prosecution of a lawful act, done without due caution and circumspection, it shall be manslaughter." Kirby's Digest, § 1779.

This is substantially the common law definition of involuntary manslaughter. *State* v. *Hardister*, 38 Ark. 605.

So we are of the opinion that the evidence sustains the verdict, if the jury found that defendant was not acting in self-defense at the time that he threw the stick.

The court, over defendant's objection, gave the following instruction:

"19. You are instructed that before you will be warranted in acquitting the defendant on the plea of self-defense, you must find that at the time the defendant struck the fatal blow, he was in apparent danger of losing his life or receiving great bodily harm at the hands of deceased, O. B. Towles."

The court also gave two other instructions along the same line, which were objected to by defendant, and the giving of each of these is assigned as error.

It may be conceded, for the purpose of this case, that instruction No. 19 was erroneous, in that it made the right of self-defense depend upon defendant's actual danger of losing his life at the time he struck the fatal blow, instead of making it depend upon the danger as it appeared to him at the time while acting with due caution.

It is insisted that the instruction was not only erroneous, but was in conflict with a correct one on the subject that was given at the instance of the defendant.

We do not deem it necessary to go into an analysis of these instructions to determine their relative influence upon the minds of the jury, for we are of the opinion that, under the peculiar facts of this case, no prejudice could have resulted from this difference in the instruc-

tions. The killing occurred, as before stated, on the roadside, in broad daylight, and there is a sharp conflict in the testimony as to who was the aggressor in the difficulty, and whether the deceased was attempting to use a knife. The State's witness declared that her father did not draw a knife, or try to use one, but that, on the other hand, defendant was the aggressor, and was attempting to use a knife. The defendant, and witnesses who testified in his behalf, stated that the deceased was the aggressor in the difficulty, and was the one who was trying to use a knife. In other words, there is no question in this case as to mere appearance of danger, and the only question arises upon the sharp conflict in the testimony as to which of the parties was attempting to use a knife. The jury, necessarily, accepted the version of the witnesses of one side or the other, because their statements were in irreconcilable conflict and could not be harmonized. In this state of the record, no prejudice could have resulted in an inaccurate statement of the law as to the right of self-defense upon the appearances of danger, because it is not claimed that the appearances were to any extent deceptive. Defendant was, under this proof, either the aggressor in the difficulty and wholly responsible for its results, or he was fleeing from his adversary at the time he threw the stick.

The court gave numerous other instructions which correctly defined the issues and the law with respect thereto, and there is no escape from the conclusion that the jury must have found from the testimony that the deceased was not the aggressor in the difficulty, and that the defendant unlawfully threw the stick which inflicted the death wound upon deceased. The jury must have further found that the instrument was not such as was calculated to produce death, and, therefore, returned a verdict of involuntary manslaughter.

It is further urged that the court erred in giving an instruction in the language of the statute that "the killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall

devolve on the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide." Kirby's Digest, § 1765.

It is sufficient to say that no objection was made to the giving of that instruction and no exception was saved.

Act 329, page 959, of the Acts of 1909, to which counsel for defendant refers in his brief, relates only to a case in which there had been a conviction of a capital offense, and in all other cases we are not permitted to review alleged errors to which no exception has been saved.

Upon the whole case we are convinced that the verdict is right, and that the case went to the jury free from any prejudicial error, so the judgment is affirmed.