HOUSLEY *v.* STATE.

Opinion delivered April 5, 1920.

1. CRIMINAL LAW—EVIDENCE OF CONSPIRACY.—In a prosecution for arson, evidence held to sustain a finding that a conspiracy existed between defendant and another to run certain negroes out of a settlement by burning and dynamiting their houses.

2. CRIMINAL LAW—CONSPIRACY—SUFFICIENCY OF EVIDENCE.—A conspiracy to commit an unlawful act may be established by circumstantial evidence.

3. CRIMINAL LAW—DECLARATIONS OF CO-CONSPIRATOR.—Where there was evidence sufficient to support a finding that a conspiracy existed, evidence of declarations of a co-conspirator made during the progress of the conspiracy and before the crime was committed, though not in defendant's presence, was admissible.

4. CRIMINAL LAW—DECLARATIONS OF CO-CONSPIRATOR.—Declarations of a fellow conspirator, made after the commission of the crime and in the defendant's absence, are inadmissible.

5. CRIMINAL LAW—DECLARATIONS OF CO-CONSPIRATOR.—In a prosecution for arson, declarations of a fellow conspirator, made after the offense was committed, and in defendant's absence, can not be introduced by the State without showing that the conspiracy continued after the burning.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*Arthur Cobb* and *Berry H. Randolph,* for appellant.

1. The evidence of conversations had with Porter Brown in the absence of appellant prior to the burning

of the houses was inadmissible and it was error to admit them. It was mere hearsay and not competent. 95 Ark. 460; 87 *Id.* 34.

2. Conversations with Porter Brown after the fire in the absence of appellant were also incompetent, and it was error to admit testimony as to them. 78 Ark. 290; 45 *Id.* 155, 328; 62 *Id.* 516; 59 *Id.* 422; 45 *Id.* 132.

3. The evidence is not sufficient to sustain the verdict after the incompetent evidence is eliminated.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1. A conspiracy was shown to exist and there was no error in admitting testimony as to conversations with Porter Brown before or after the fire and the court so instructed the jury. 79 Ark. 603; 96 *Id.* 632; 81 *Id.* 179; 77 *Id.* 449-450; 98 *Id.* 581; 67 *Id.* 235; 87 *Id.* 40.

2. The evidence is sufficient.

HUMPHREYS, J. Appellant was jointly indicted with Porter Brown and four others, in the Garland Circuit Court, for the crime of arson, by feloniously, wilfully and maliciously setting fire to a house in said county, on the 29th day of March, 1919, owned by Sue Bledsoe. Appellant requested and was granted a severance, and, upon trial, was found guilty, and his punishment fixed at two years in the penitentiary. From the judgment of conviction, an appeal has been duly prosecuted to this court.

The theory of the State was that appellant entered into a conspiracy with Porter Brown to run certain negroes out of the Little Georgia settlement by dynamiting and burning their houses. In support of this theory the State proved by Matt Reynolds that, prior to the dynamiting and burning of four houses in that neighborhood, on the night of March 29, 1919, appellant had talked to him about posting notices to run off a negro by the name of Garland Carroll, one of the inhabitants of Little Georgia, who owed both appellant and the witness; and by Ples Miller that, about a month before said crime was

committed, appellant had said to him: "Bruce, how would you like to give the negroes a round tonight? If you say so, we will go up there and clean up on them and maybe dynamite or maybe kill one;" that shortly thereafter appellant proposed to him that they run off an old negro by the name of Andy Greenwood, a bootlegger in the neighborhood, suggesting that they would obtain for their trouble fifteen gallons of whiskey and $25 from the Government for turning the old negro's still in. The State also proved that appellant rode around the neighborhood the evening before the fire with Porter Brown, who stopped and went into several houses belonging to the negroes; that, while Porter Brown was in the house interviewing certain negroes, and out of the hearing of appellant, appellant had called to him "to make minutes short there that evening;" that, the day following the fire, appellant had come into the neighborhood inquiring as to what had become of the people.

Over the objections and proper exceptions of appellant, the State was permitted to prove statements made by Porter Brown, out of the presence and hearing of appellant, to some six or seven parties living in the Little Georgia settlement, which tended to implicate appellant in the burning of the houses on the night of March 29, 1919. Most of these statements occurred during the afternoon before the fire on said night.

The State was also permitted to prove, over the objections and proper exceptions of appellant, statements by Porter Brown, out of the presence and hearing of appellant, to several parties after the burning of the houses, which tended to implicate appellant in the arson.

It is insisted by appellant that the court erred in admitting the statements of Porter Brown, tending to connect appellant with the crime charged, made before the crime was committed, for the reason that a conspiracy to commit a crime cannot be established by the declarations or statements of a co-conspirator in the absence of the other. In other words, that before the declarations of Porter Brown could have been admitted against appellant, it

was incumbent upon the State to show, by evidence independent of the declarations themselves, that a conspiracy existed between them to run the negroes out of Little Georgia neighborhood, by dynamiting and burning their houses. This court said in the case of *Bundy* v. *State,* 95 Ark. 460, that (quoting syllabus 1): "The existence of a conspiracy alleged to have been composed of two persons cannot be established by evidence of the acts or declarations of one in the absence of the other." And again, in the case of *Butt* v. *State,* 81 Ark. 173, that: "When a conspiracy has been shown, then the acts and declarations of one conspirator in the furtherance of the common design may be shown as evidence against his associate." We think the evidence, independent of the declarations made by Porter Brown, sufficient to support a finding on the part of the jury that a conspiracy existed between appellant and Porter Brown to run certain negroes out of Little Georgia settlement, by burning and dynamiting their houses. It is true there was no positive evidence to this effect, but it is not necessary to establish a conspiracy to commit an unlawful act by proving the agreement by positive and direct evidence. Such conspiracy may be established by circumstantial evidence. *Chapline* v. *State,* 77 Ark. 444; *Parker* v. *State,* 98 Ark. 575. Appellant's proposal to Matt Reynolds to post notices to run Garland Carroll, a resident, out of the neighborhood, and to Ples Miller to go up there and clean certain negroes out of the neighborhood, by dynamiting and maybe killing one, and his further proposal to assist in running Andy Greenwood out of the settlement, getting his whiskey and turning his still over to the Government, as well as his association with Porter Brown in that particular neighborhood the evening before the commission of the arson and his return to the neighborhood and inquiry as to what had become of the people after the crime had been committed, are circumstances constituting substantial evidence sufficient to sustain a finding that the conspiracy existed. This being true, it was proper to admit declarations of the co-conspirator, Por-

ter Brown, during the progress of the conspiracy and before the crime was committed.

It is insisted, however, that the court committed reversible error in admitting the declarations of Porter Brown, tending to connect appellant with the crime charged, after the commission thereof. This contention is correct, if the commission of the crime was a completion of the conspiracy. It was said by this court in the case of *Storms* v. *State,* 81 Ark. 25, that, "Even had such conspiracy been shown, the acts and declarations of one of the conspirators in the absence of the other, after the object of the conspiracy had been accomplished, could not be used in evidence against the one on trial."

We are unable to find any substantial evidence in the record tending to show that the object of the conspiracy was only partially attained by the commission of the arson. There is an entire absence of proof tending to show that appellant, or Porter Brown, attempted to run the negroes out of the Little Georgia settlement after the houses were dynamited and burned on the 29th day of March, 1919. In order to justify the introduction of statements or declarations of Porter Brown after the burning, the burden was upon the State to show that the conspiracy continued after the burning. The admission of such evidence without an affirmative showing that the conspiracy continued after the burning constituted prejudicial error.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.