## W. D. STROUD v. STATE.

### Opinion delivered February 16, 1925.

1. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—While one charged with a conspiracy to commit a crime cannot be convicted upon the uncorroborated testimony of his accomplices, he may be convicted upon such testimony if corroborated by his own acts or declarations done or made either before or after the commission of the crime.

2. CRIMINAL LAW—ACTS AND DECLARATIONS OF CONSPIRATORS.—The acts and declarations of conspirators done and made during the exitsence or furtherance of the conspiracy are imputable to all and admissible against each other, though not made in the presence of each other, but such acts and declarations of a conspirator, done or made after the accomplishment of the enterprise, are not admissible against his co-conspirators unless done or made in their presence.

3. CRIMINAL LAW—STATEMENTS OF CO-CONSPIRATOR.—In a prosecution for being accessory before the fact to the crime of arson, testimony as to a conversation between two of defendant's fellow conspirators, after the arson and not in his presence, is inadmissible.

Appeal from Franklin Circuit Court; *James Cochran*, Judge; affirmed.

*John E. Chambers, J. P. Clayton, Benson & Benson,* and *Hays, Priddy & Hays,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the Northern District of Logan County, and, on change of venue to the Ozark District of Franklin County, was convicted upon the charge of accessory before the fact to the crime of arson, and, as a punishment therefor, was adjudged to serve a term of two years in the State Penitentiary, from which is this appeal.

The indictment charged, in substance, that one T. B. Wackerly, at the instance of appellant, procured Floyd McCuen and John Carney to burn a certain storehouse at Ratcliff belonging to R. A. Harkins & Company. In other words, the indictment charged that said storehouse was burned through a conspiracy in which appellant and

T. B. Wackerly were co-conspirators. The theory of the State was that appellant and his brother, Floyd Stroud, advised and encouraged T. B. Wackerly to employ Floyd McCuen and John Carney to burn said storehouse. When Floyd McCuen and John Carney were arrested for burning the storehouse they admitted their guilt, and implicated T. B. Wackerly, claiming that he had employed and agreed to pay them $150 for burning said house. T. B. Wackerly admitted his guilt, and testified, in substance, that appellant and his brother, Floyd Stroud, had induced him to employ Floyd McCuen and John Carney to burn said storehouse and had furnished him the money with which to pay them; that their purpose was to get rid of a business competitor of Floyd Stroud. The house was burned by Floyd McCuen and John Carney on the night of November 29, 1923.

The first contention of appellant for a reversal of the judgment is that there is no evidence in the record except that of Tom Wackerly and other alleged co-conspirators that appellant had any connection with this crime. It is true that there is no evidence in the record tending to connect him with the crime, prior to the burning of the house, aside from that of J. B. Wackerly; but the State introduced witnesses who testified to certain declarations and acts of appellant after the house was burned, tending to connect him with the crime. While one charged with a conspiracy to commit a crime cannot be convicted on the uncorroborated evidence of his accomplice or accomplices, yet he can be convicted upon the testimony of his accomplices if corroborated by his own acts and declarations done or made either before or after the commission of the crime.

The rules of evidence applicable are, first, that the acts and declarations of co-conspirators done and made during the existence or furtherance of the conspiracy are imputable to all and admissible against each other, though not made or done in the presence of each other. Wharton on Criminal Evidence, § 698; *Cox* v. *Vise,* 50 Ark. 283; *Gill* v. *State,* 59 Ark. 422.

And second, that, after the accomplishment of the enterprise, the acts or declarations of a co-conspirator are not evidence against the others unless done or made in their presence. *Counts* v. *State,* 20 Ark. 462; *Housley* v. *State,* 143 Ark. 315. And third, that acts and declarations of a co-conspirator done and made after the accomplishment of the enterprise are not evidence against any one of the conspirators except himself. 1 R. C. L., pp. 520, 521, and cases cited in support of the rule in footnote No. 18.

Under the rules of evidence announced above there was sufficient corroboration of the testimony of the accomplices to sustain the verdict.

Appellant also contends for a reversal of the judgment upon the alleged ground that the court admitted incompetent testimony. We have read the evidence very carefully, and think all of it was competent and admissible under the rules announced, except the telephone conversation between Floyd McCuen and Floyd Stroud, two of the alleged co-conspirators, which occurred after the arson, while Floyd McCuen was in jail, and in the absence of appellant. Two objections were made to the admission of this testimony by counsel for appellant, and the admission thereof was made a ground for reversal in appellant's motion for a new trial. It was not admissible upon the theory that the conspiracy existed after the crime was committed. Appellant was not charged as accessory after the fact nor with being in a conspiracy to conceal the crime, but, on the contrary, was specifically charged with the sole crime of accessory before the fact to the arson.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.

The CHIEF JUSTICE and Justice SMITH dissent, on the ground that the testimony tends to show that the conspiracy was continued to suppress evidence of the crime by extricating Wackerly from the charge and by packing the grand jury to prevent indictments, and that the acts and declarations of all the co-conspirators were competent against each.