DEAREN v. STATE.

Opinion delivered May 28, 1928.

George W. Johnson, for appellant.

H. W. Applegate, Attorney General, and Darden Moose, Assistant, for appellee.

MEHAFFY, J. The appellant, who was the county clerk of Sebastian County, was indicted, charged with the

crime of embezzlement of public funds of Sebastian County. He was granted a change of venue to Scott County, where he was tried and convicted, and his punishment fixed at imprisonment in the penitentiary for a period of five years. Motion for new trial was filed and overruled, exceptions saved, and appellant prosecutes this appeal to reverse the judgment.

Appellant's first contention is that the court erred in admitting certain testimony. Mrs. Pettigrew, a witness, was asked this question:

"Q. I hand you an affidavit to an account for $435 purported to be signed by Wm. J. Dearen on the 12th day of October, 1925, and I will ask you if you recognize that account?" She answered: "I do not know whether I recognize the account, but I recognize the signature. Q. Whose signature is that? A. Mr. Dearen's."

The prosecuting attorney here asked to introduce the affidavit in evidence, and the attorney for appellant objected on the ground that it purported to be an original claim, and that it does not show that it has ever been filed in the county clerk's office, and that it is inadmissible in evidence in any other court except the county court of Sebastian County, Fort Smith District, and further objects because it does not tend to show the defendant guilty of the offense charged. The paper introduced was as follows:

"Affidavit of county account, county of Sebastian, Fort Smith District:

| To Wm. J. Dearen | Dr. |
|---|---|
| To 498 claims v. county | 423.50 |
| Insanity matters, 5 at $1.65 | 8.25 |
| | 431.75 |

"State of Arkansas, county of Sebastian, Fort Smith District.

"I, _____, do solemnly swear that the foregoing claim is just and correct, and that no part thereof has been paid previously, that the service charged for or

material furnished, as the case may be, were actually rendered or furnished, and that the charge made therefor does not exceed the amount allowed by law, or customary charges, for similar services or material furnished, when estimated and paid in lawful money of the United States, and that such accounts, claims, demands of fee bill are not enlarged, enhanced or otherwise made greater in consequence of or by reason of any estimated, supposed or real depreciation in the value of county warrants. Wm. J. Dearen.

"Sworn to and subscribed before me this 12th day of August, 1925. Wm. J. Dearen, Clerk. By Leota C. Pettigrew, D. C.

"No. 499. $431.75. Claim for allowance: Co. Ct. Wm. J. Dearen v. Sebastian County, Fort Smith District. Filed on the_____day of_____192____ _____Clerk. By_____D. C. Examined and allowed Aug. 10, 1925. T. A. Norris, Judge."

Several other accounts and affidavits similar to the above were introduced, and objection was made to all of them. The aggregate amount was several hundred dollars, and the accountant, Gilbertson, also testified to a shortage of something in excess of $4,000.

It is earnestly insisted that these affidavits of the appellant were erroneously admitted in evidence. These affidavits were signed and sworn to by appellant, and they were therefore competent evidence if they tended to show his connection with the crime with which he was charged. It is always permissible to prove declarations and admissions against a person charged with an offense, if his declarations or admissions tend in any way to show his connection with the crime charged or tend to prove his guilt.

"It is insisted that error was committed in permitting witnesses to detail conversations had with the defendant prior to the arrest of one and at the time of the arrest of the other, and subsequent to the robbery, because they were indicted as accessories before the fact.

But any admission of a defendant, whenever made, which tends to show his connection with the crime charged in the indictment, is admissible against him." *Jenkins* v. *State,* 131 Ark. 312, 198 S. W. 877; *Crawford* v. *State,* 130 Ark. 101, 197 S. W. 19; *Stroud* v. *State,* 167 Ark. 502, 268 S. W. 850; *Dennis* v. *State,* 169 Ark. 505, 275 S. W. 739.

Appellant contends, however, that this was an original claim, and inadmissible in evidence in any other court except the county court of Sebastian County. It is admissible because it is a declaration of the appellant himself, and would be competent evidence in any court, whether it had ever been filed anywhere or whether it was intended to be filed. But it is said that it does not tend to show the defendant is guilty of the offense charged. This affidavit alone, of course, did not show him guilty of the offense charged, but all the evidence cannot be introduced at once. It is never possible to show by one statement or declaration all the elements of the crime. This evidence was admissible as tending to show the connection of the defendant with the crime charged, and it would make no difference, so far as the admissibility of this statement is concerned, where the claim or statement or affidavit came from.

It is also contended that the records were improperly introduced. Appellant urges that the county court records were not properly identified as coming from the defendant's office. It is true that, at the time of the introduction of the records, the prosecuting attorney simply stated that they were the county court records of Sebastian County. The defendant objected, but did not state any specific objection, and witness Gilbertson, an accountant who had examined the county court records of the Fort Smith District of Sebastian County, identified the records sufficiently to authorize their introduction, as there was no specific objection made to them. It was stated, when the records were introduced, that they were the records that were in the defendant's office, and made

by him. This is not disputed. The appellant simply objected to their introduction. If there was any question or doubt about their admissibility because they were not the records kept by the appellant, he should have made this objection.

It was stated, when the records were offered, that they were the records in the defendant's office, and made there by him. And this statement was not disputed, and no objection was made by appellant because they were not the proper records, but just a general objection to their introduction. If the appellant had made the objection that the records were not those kept by him, or not the records of the Fort Smith District of Sebastian County, or if there had been any dispute about them being the records kept by him, it would have been necessary to show these facts or to identify the records by other evidence. The purpose, however, of introducing the clerk who keeps the records to identify them is necessary only to show that they are the county court records kept by the proper officers, and we think the proof was sufficient in this case when the witness Gilbertson testified that he examined the records in the county clerk's office. The statement was made in appellant's presence that they were the records kept in his office by him, and no suggestion that they were not in fact the records of the county court of Sebastian County. It is true that, in order to introduce any document or any record, it must appear that it is what it purports to be. Its authenticity and genuineness must be established, whether by evidence of witnesses or evidence appearing on its face, or by showing the custody from which it came. Appellant does not dispute the custody from which this record came, and does not dispute its correctness. Whenever a record is produced in court and identified by the custodian thereof, no further proof of its authenticity is required, as a general rule. Appellant himself, however, was the custodian in this case, and the identity of the record may be shown by any competent witness who knows the fact. The state-

ment of the prosecuting attorney to the court was that these were the records kept by the defendant in his office. They are the same records testified about by the witness Gilbertson.

Moreover, witness Earl Dawson testified that he was county clerk of Sebastian County, and had charge and custody of the records of the Fort Smith District pertaining to the office of county clerk, and had in his care records K and L, and also the records of the scrip register of Sebastian County, and, referring to the records, witness was asked: "Those are the records that were in the office at that time?" The witness answered that they were, and that they were the records used by him since that time as the records of the county. He also testified to having in his possession certain pistol registration applications, and testified that he also had the fee-book E of the Fort Smith District of Sebastian County, and the county court docket and scrip stubs.

We therefore think that the records were sufficiently identified to authorize their introduction in evidence.

The appellant also contends that it was not proper to take the accounts filed against the county and the records to Scott County and introduce them in evidence, and that it was not shown that the accounts were filed in any court or in any office.

We have already stated that the affidavits and accounts signed by the appellant were properly introduced in evidence as statements made by him, and we think there was no error in admitting the other documentary evidence.

It is next contended by the appellant that the case should be reversed because the funds which it is charged that appellant embezzled were the funds of the Fort Smith District of Sebastian County, and not of Sebastian County. The defendant is charged with embezzling public funds of Sebastian County, and we think the proof is not at variance with the charge in the indictment. They were county funds, notwithstanding they might be for

use in the Fort Smith District only. Chandler, who was for six years treasurer of Sebastian County, testified that, under the salary law based upon a fee system, the surplus fees earned by them over the salary were divided between the two districts in proportion to the fees earned in the respective districts. They were county funds, but divided in proportion to the fees earned in the respective districts.

Appellant calls attention to the case of *Jewett* v. *Norris,* 170 Ark. 71, 278 S. W. 652, and the court in that case said:

"It may be conceded that these districts are not counties within the ordinary meaning of the word; but we think, in view of the unique provision of the Constitution in regard to Sebastian County, that the two districts thereof are to be treated as if they were in fact separate counties, so far as their fiscal affairs are concerned."

They are treated as if they were separate counties so far as their fiscal affairs were concerned, but this does not make them separate counties, and it in no way prevents the taxes collected in the county from being county taxes, although each district is apportioned its share of said county taxes. They are still county funds, just as the officers are county officers.

The indictment complies with the requirements of the law, because it is direct and certain as to the party charged, the offense charged, the county in which the offense was committed, and the particular circumstances of the offense charged. And the funds, as we have already said, which appellant is charged with embezzling, were the funds of Sebastian County, and the fact that Sebastian County is divided into two districts is immaterial.

Appellant also insists that the court erred in the instructions given and refused, but we think the instructions as a whole correctly stated the law, and it would serve no useful purpose to set them out here.

We find no reversible error, and the judgment is therefore affirmed.