SMITH v. STATE.

Crim. 3991

Opinion delivered July 13, 1936.

Sam W. Trimble and Dave Witt, for appellant.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for appellee.

BUTLER, J. Sampson Lee and his wife, Emaline Lee, two aged negroes, were living in the southeastern part of Drew county, Arkansas, on January 16, 1936. Shortly after dark on the evening of that day, nearby neighbors were attracted to their cabin and, on entering, found Emaline Lee lying dead on the floor, and Sampson Lee wounded and bleeding. The furniture of the room was in disorder, a trunk was open, and its contents scattered, dresser drawers pulled out and the room in a general state of confusion. On an examination of the body of Emaline Lee it was discovered that her skull had been crushed by the impact of some blunt instrument. A strip of heavy cloth was found lying near her head which might have been used for the purpose of strangulation or as a gag. Also there was a heavy piece of wood near the body. Three negro men were afterward arrested—Willie Smith, the defendant, Beverly White and Farlander McCormick —and on the 18th day of February, 1936, the grand jury of Drew county returned an indictment charging them with the murder of Emaline Lee. The trial of Willie Smith, the appellant, was set for February 26, 1936, a

day of the regular February term of the Drew Circuit Court. On that day, appellant moved for a continuance which motion was overruled, and the trial proceeded resulting in a verdict of guilty of murder in the first degree and a judgment fixing punishment at death.

The errors assigned as grounds for reversal and argued by appellant's counsel are (1) the refusal of the court to grant a continuance, (2) the giving of instruction No. 1 requested by appellee, and (3) the refusal to give instruction No. 9 requested by the appellant. There is little, if any, conflict in the testimony, the appellant contenting himself with the introduction of only one witness who merely testified as to appellant's age, the only question about which there is any dispute. This witness was appellant's brother, Otham Smith, who testified that appellant was born on July 16, 1917. The sheriff testified on rebuttal that appellant had told him he was twenty-five years old.

The evidence is to the effect that the appellant was a stranger in the community where the murder was committed; that he was seen first on the afternoon of the murder a mile or two from Sampson Lee's home. This testimony was given by a negro woman who identified Willie Smith at the time of the trial and stated that he had approached her house, requested a drink of water which was given him, and left going in the direction of the home of Sampson and Emaline Lee. Sampson Lee testified that he had been drawing a pension for many years; that he would bring the money home and give it to his wife who would take charge of it; that the last time they counted the money, in December, 1935, it amounted to $2,700. He testified further that late in the afternoon of January 16, 1936, appellant appeared at his home. He described the appellant on the witness-stand and pointed out Willie Smith as the one who came to his home. He stated that the boy appeared to be about 21 or 22 years of age, and looked as if he had not done much rough work, but was "mighty cunning and spunctious, telling plenty tales that no person of good judgment would pay any attention to;" that he told witness he had come from St. Louis to let witness know

that his son, Joe, had been killed, and to find out what disposition should be made of the body; that appellant stayed on until it was getting dark and, when told that he would have to go, left the house and disappeared for a short time; that he reappeared after dark, was again admitted, but finally went out and almost immediately returned accompanied by two other men; that they forced an entrance and came into the house together; that appellant attacked witness and his wife, Emaline, began ''making such a big fuss this little fellow (meaning appellant) told this big-shouldered fellow and this tall fellow to stop that woman from making that noise. In a few minutes—my wife—she stopped making that noise;'' that one of the three held witness and appellant opened the trunk, and, continuing the search, found money under the bed tick; that as soon as the money was found, appellant and his companions left.

The sheriff testified that he recovered a considerable part of the money—something over a thousand dollars. The evidence as to where and under what circumstances the money was found is obscure. Part of it, however, seems to have been taken from the person of appellant who was arrested in Monroe county and delivered to the sheriff of Drew county by the sheriff of Monroe county. After appellant was brought back to Drew county he confessed to the sheriff of that county that he had taken part in the robbery when Emaline Lee was killed. This confession was freely and voluntarily made. The sheriff and one of his deputies testified as to this confession and as to its voluntary nature, which testimony was not disputed.

The evidence conclusively points to the guilt of the appellant gathered (1) from the positive identification of the appellant by Sampson Lee as one of his assailants and (2) by his confession. The indictment charged the commission of the murder ''by strangulation and suffocation and by beating and striking Emaline Lee on the head and body with a blunt instrument.'' It is argued that instruction No. 1 is erroneous in that it was ''duplicitous.'' This instruction recites the substantial

allegations of the indictment; among other things, that appellant and his confederates, with the felonious intent to rob Sampson Lee and Emaline Lee, did kill and murder the said Emaline Lee "by strangulation and suffocation, beating and striking the said Emaline Lee on the head and body," and then tells the jury that the burden is upon the appellee to prove every material allegation of the indictment. To this instruction only a general objection was made, and its correctness depends upon the sufficiency of the indictment. An indictment is sufficient where the act charged as the offense is stated with that degree of certainty as will enable the court to pronounce judgment on conviction according to the right of the case. *Calhoun* v. *State,* 180 Ark. 397, 21 S. W. (2d) 606. An indictment is good which enumerates several acts in the conjunctive, which, together or separately, describe the commission of a single offense. *Kirkpatrick* v. *State,* 177 Ark. 1124, 9 S. W. (2d) 574. The indictment conforms to these rules and as the instruction complained of is but a recital of the indictment, it is not open to the objection now urged.

The trial court did not err in overruling the appellant's motion for a continuance. That motion recites the date of the return of the indictment; the setting of the case for trial on the 25th day of February, 1936; that appellant's attorney lived in Little Rock, a distance of a hundred miles; that five witnesses (naming them) resided in Pulaski county, and, if present, would testify that they had known defendant for a great number of years and know his general reputation "of being a quiet and law-abiding citizen and his general reputation for truth and veracity in the community in which he lives, and that said reputations are good." This motion was filed on the 26th day of February, 1936, the date of the actual trial of the case.

As a general rule, the question of continuance in an action is within the sound discretion of the court and its action will not be disturbed on appeal except where there is a clear abuse of discretion which amounts to a denial of justice. *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d)

946. There is no doubt but that appellant was present at the home of Sampson and Emaline Lee on the night of the murder, that he engaged in the robbery in question and aided and abetted the assault on Emaline Lee which resulted in her death. Therefore, the absence of witnesses who would testify as to the previous good character of defendant was not sufficient to remove the discretion of the court and compel a continuance. For that reason the motion was properly denied. 16 C. J. 464, note 53-4. Moreover, it appears that appellant did not exercise the proper diligence in securing the attendance of witnesses at the trial. In criminal prosecutions the burden is on the defendant who seeks continuance because of absent witnesses to show that he used diligence to secure their attendance. Here we have only the unsupported motion of appellant and there is no testimony to show that he could not have procured the attendance of the witnesses by the exercise of due diligence. By the admission contained in the motion, appellant's attorney who lived in Little Rock knew of the date of the trial at least four days previous thereto, and there is no showing made as to why he could not have had subpoenas issued and served upon the witnesses in time for them to have been in attendance at the trial. *Edwards* v. *State,* 180 Ark. 363, 21 S. W. (2d) 850.

Instruction No. 9, requested by appellant and refused by the court, in effect directed a verdict of acquittal if the jury should believe that appellant approached the house of Emaline Lee unarmed and that neither he, nor his codefendants, injured the said Emaline Lee in any manner with any dangerous weapon, or that they choked or suffocated her, and that the defendant (appellant) had no intention of doing her any bodily harm, and that the actual killing, if there was a killing, was done by some other person, or that she died from excitement or other cause due to her physical condition. The trial court properly refused this instruction, first, because it was abstract, and second, because it was an incorrect declaration of law. It is entirely immaterial what the intention of appellant was with respect to inflicting bod-

ily harm on the person of Emaline Lee, or that the killing was done by another person. The killing was done in the commission of a robbery in which appellant was an active participant, and, therefore, the death of Emaline Lee amounted to murder in the first degree for which the appellant is as culpable as if he, himself, had struck the fatal blow. There is no testimony tending to show that Emaline Lee died from any cause except the blow she received upon her head.

The trial court gave a number of instructions at the request of the appellant, all of which we have examined and find if there was any error in them it was because they were more favorable to appellant than he was entitled to. We have also examined the instructions given at the request of the appellee, and find that the trial court fully and fairly charged the jury, and that no error appears. The judgment is correct, and it is, therefore, affirmed.