WHITE AND McCORMICK *v*. STATE.

Crim. 4003

Opinion delivered September 28, 1936.

*Russell J. Baxter*, for appellant.

*Carl E. Bailey*, Attorney General, and *Guy E. Williams*, Assistant, for appellee.

HUMPHREYS, J. Appellants were indicted jointly with Willie Smith by the grand jury of Drew county for murder in the first degree in the following language:

"The said Willie Smith, Beverly White and Farlander McCormick in the county and State aforesaid, on or about the 16th day of January, 1936, did unlawfully, willfully, feloniously, and with malice aforethought, and after deliberation and premeditation, and with a felonious intent then and there to rob Samson Lee and Emaline Lee did assault, kill, and murder the said Emaline Lee by strangulation and suffocation, beating and striking the said Emaline Lee in the head and body by binding the nose and mouth of the said Emaline Lee with a cloth held in their hands, and by beating and striking the said Emaline Lee on the head and body with a blunt instrument then and there held in the hands of the said Willie Smith, Beverly White and Farlander McCormick being then and there present aiding and abetting and participating, and from such strangulation, suffocation and striking and beating the said Emaline Lee did within one year and one day thereafter die.

"Contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Arkansas."

There was a severance of the Willie Smith case, and he was tried and convicted for murder in the first degree. He prosecuted an appeal to this court, and the judgment of conviction was affirmed. *Smith v. State,* ante p. 967, 96 S. W. (2d) 1.

Subsequently, appellants were tried and convicted of murder in the first degree, from which judgment of conviction is this appeal. The facts developed on the trial of appellants were not materially different from the facts developed on the trial of Willie Smith, and reference is made to that case for a statement of the facts herein, with the added statement that appellants testified to the amount each received out of the division of the $2,700 they obtained from Samson and Emaline Lee when the three of them robbed them, and where they had hidden it; also that the three of them went to the

home of Samson and Emaline for the purpose of robbing them and without any intention of killing either of them, and that they accomplished their purpose without inflicting bodily injury upon either, and that when they left with the money, both Samson and Emaline were uninjured and alive. The voluntary confessions of appellants were introduced in evidence, which, in substance, were the same as their evidence.

Appellants seek a reversal of the judgments of conviction on the following grounds:

"First. Because the indictment is defective in that it fails to allege that the appellants unlawfully, willfully, feloniously, and with malice aforethought, and after deliberation and premeditation killed Emaline Lee, the allegation of the indictment being that the appellants intended to rob Samson and Emaline Lee.

"Second. The State failed to meet its burden of proving each and every allegation contained in the indictment in that it failed to prove:

"(a) The identity of the person or persons who killed Emaline Lee and especially failed to prove that the appellants or either of them killed Emaline Lee.

"(b) That the appellants or either of them killed Emaline Lee by strangulation with a cloth or by striking or beating the said Emaline Lee on the head and body with a blunt instrument as charged in the indictment.

"Third. The testimony of Samson Lee, the husband of deceased, was inadmissible for the reason that Samson Lee was totally incompetent to testify because of his decrepit condition both physically and mentally."

### 1.

The assignment of error that the indictment is fatally defective because it failed to allege that appellants unlawfully, willfully, feloniously, and with malice aforethought, and after deliberation and premeditation killed Emaline Lee is without merit. It is charged in the indictment that they killed her in perpetrating the robbery. Section 2343 of Crawford & Moses' Digest provides that all murder "which shall be committed in perpetration of or in the attempt to perpetrate * *.* rob-

bery, shall be deemed murder in the first degree." The charge in the indictment was that the appellants, with another, killed Emaline Lee in the commission of a robbery, and this was a sufficient charge of murder in the first degree under the statute quoted above. The statute would mean nothing if it were necessary to allege an intentional and willful killing.

## 2.

(a)   The assignment of error that the state failed to prove that the appellants or either of them killed Emaline Lee cannot be sustained.   Appellants admit holding Samson and Emaline Lee while Willie searched the house and found $2,700, which they afterwards divided. Samson Lee testified that three negro men filling the description of Willie Smith and appellants, committed the robbery and, in doing so, beat him up and killed his wife, Emaline, by striking her with some instrument. Not more than twenty or thirty minutes after appellants and Smith left the house, neighbors began to come in. They found Emaline Lee dead, lying on the floor. The back of her head was as soft as cotton, and they found Samson wounded and bleeding and found a stick of wood lying on the floor near the body of Emaline that had a flat surface on one side and also a strip of cloth under her head that might have been used for strangulation. They also found the room in which the dead body was lying in a state of disorder. The furniture was out of place, a trunk had been opened and the contents scattered, and the dresser drawers also opened. In view of these facts, the suggestion that some other person had entered after the robbery and killed Emaline and beaten up Samson or that Emaline died of fright is unreasonable. Nothing in the record indicates that any other person entered the house before the neighbors assembled. The jury was justified in finding that the admitted robbers also took the life of this old defenseless woman in the perpetration of the robbery. Appellants were sufficiently identified by all the facts and circumstances to sustain the finding of the jury that appellants and Smith were the murderers.

(b) The evidence is also sufficient to uphold the finding of the jury that appellants either committed the murder by strangulation or by hitting her on the back of the head with a blunt instrument as charged in the indictment.

3.

The assignment of error that testimony of Samson Lee, the husband of deceased, was inadmissible for the reason that Samson Lee was totally incompetent to testify because of his decrepit condition both physically and mentally has no foundation in the record. It is true he was old and his vision very poor, but the record does not reflect that he could not have seen these three negroes when they entered his home and perpetrated the robbery and killed his wife. His testimony indicates that he was perfectly sane, and there is nothing in the record to show to the contrary.

It is suggested by the attorney who defended appellants that on account of the gravity of the charge, the trial court abused its discretion to the prejudice of appellants in appointing a young, inexperienced lawyer to defend them. The entire record, as well as the able brief filed by Mr. Baxter, indicates that every right vouchsafed under the law and Constitution to appellants was protected by the able defense he made for them. The result was not due to inability or unskillfulness of their attorney, but because all the facts and circumstances pointed unerringly to appellants' guilt.

The judgments are affirmed.