SMITH *v.* STATE.

4492                                                     210 S. W. 2d 913

Opinion delivered May 10, 1948.

*Sam Robinson,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant, charged by indictment with the crime of rape, was by trial jury found guilty of assault with intent to rape and his punishment fixed at imprisonment in the penitentiary for twenty-one years. From judgment in accordance with the verdict this appeal is prosecuted.

Only two assignments of error are urged here.

It is first argued by appellant that the lower court erred in refusing to exclude from the jury an answer made by a witness for the State to a question asked by counsel for appellant on cross-examination. This witness was a physician who examined the victim of appellant's attack a few hours after it occurred, and on his direct examination he was asked, and testified as to the girl's physical condition at the time he made the examination, and at the time of an examination previously made. On cross-examination he was asked a question, apparently designed to elicit from him an opinion that the physical condition of the girl, as found by him after the attack, indicated intercourse by mutual consent rather than carnal connection accomplished by force. The physician's answer was unfavorable to appellant and his counsel asked that it be excluded because the witness was "delving more into the field of a psychologist." The court refused the request.

In the first place, the general rule is that it is not error to refuse to exclude testimony elicited on cross-examination if the answer is responsive to the question. *Hopkins* v. *State*, 174 Ark. 391, 295 S. W. 361. Furthermore, appellant had in reality made this physician his own witness on this feature of the case, and, after doing so, was in no position to complain when his witness made what appellant thought an inappropriate answer.

It is next urged that the lower court erred in refusing instruction No. 8, asked by appellant, as to the quality of fear, on the part of the female, where she claims that she yielded through fear, that must be shown by the evidence in a case of this kind; and that the court erred in giving an instruction, on its own motion, which made reference to fear on the part of the assaulted female.

The girl assaulted did not testify that she yielded to appellant through fear. She testified that he beat her and kicked her and that she fought him for some time and until she was exhausted and could no longer protect herself. There was no testimony whatever indicating that the offense was accomplished by reason of fear on the part of the victim. The requested instruction was therefore abstract, and refusal to give it was not error. *Sims v. State,* 171 Ark. 799, 286 S. W. 981; *Withem v. State,* 175 Ark. 453, 299 S. W. 739; *Smith v. State,* 192 Ark. 967, 96 S. W. 2d 1. But, having asked an instruction on this subject, appellant cannot complain of the court's action in mentioning fear on the part of the female in another instruction.

The testimony in this case would have sustained a conviction of the crime of rape. Appellant, of course, cannot complain of the jury's leniency.

Affirmed.