HICKS *v*. STATE.

4813                                            287 S. W. 2d 12

Opinion delivered January 30, 1956.

[Rehearing denied March 12, 1956.]

*Rex W. Perkins, W. B. Putman*, for appellant.

*Tom Gentry*, Atty. General, *Thorp Thomas*, Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice.    The appellant was charged with the crime of murder in the first degree.    He was convicted of murder in the second degree. There is only one issue and that is whether the court erred in the giving of Instruction No. 11.    Although specific objection was made to the giving of this instruction, the court did not rule on the objection and no exception was saved.

Ark. Stats. § 43-2723 provides: "In all cases appealed from the circuit courts of this State to the Supreme Court, or prosecuted in the Supreme Court upon writs of error, where the appellant has been convicted

in the lower court of a capital offense, all errors of the lower court prejudicial to the rights of the appellant shall be heard and considered by the Supreme Court whether exceptions were saved in the lower court or not; and if the Supreme Court finds that any prejudicial error was committed by the trial court in the trial of any case in which a conviction of a capital offense resulted, such cause shall be reversed and remanded for a new trial, or the judgment modified at the discretion of the court.'' The above statute applies only in cases where there has been a conviction of a capital offense. Here, although the appellant was charged with a capital offense, he was convicted of a lesser offense. In *Edwards v. State,* 110 Ark. 590, 163 S. W. 155, Chief Justice McCulloch said: ''The Act of 1909 [Ark. Stats., 43-2723] to which counsel for defendant refers in his brief, relates only to a case in which there had been a conviction of a capital offense, and in all other cases we are not permitted to review alleged errors to which no exception has been saved.''

In *Yarbrough* v. *State,* 206 Ark. 549, 176 S. W. 2d 702, it is said: ''Appellant, in the instant case, has not been convicted of a capital offense. We are not permitted, therefore, to review alleged errors to which no exceptions have been saved.'' In the *Yarbrough* case, the court quotes as follows from *McKinley* v. *Broom,* 94 Ark. 147, 126 S. W. 391: ''On appeal from the circuit court, this court only reviews errors appearing in the record. The complaining party must first make an objection in the trial court, and this calls for a ruling on his objection. An exception must then be taken to an adverse ruling on the objection, which, 'directs attention to and fastens the objection for a review on appeal.' ''

In jury trials, either party has the right to have reduced to writing all of the instructions that are to be given by the court. Section 23 of Article 7 of the Constitution of Arkansas provides: ''Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party.''

The purpose of this constitutional provision is to give counsel for either party an opportunity to study the instructions and to make objections and exceptions in the judge's chambers, and, when done in that manner, there is no danger of the jury being influenced by rulings that the court makes on request for or objections to instructions.

In the case at bar, the record does not show at what point appellant made his objection to the instruction; in any event, no ruling of the court was obtained on the objection and no exception was saved. Therefore, we cannot consider the objection on appeal.

Affirmed.