## POWELL *v.* STATE.

4958                                              332 S. W. 2d 483

Opinion delivered February 22, 1960.

[Rehearing denied March 21, 1960]

*Virgil Roach Moncrief* and *John W. Moncrief,* for appellant.

*Bruce Bennett,* Attorney General, By: *Bill J. Davis,* Asst. Attorney General, for appellee.

PAUL WARD, Associate Justice. John Powell, Jr., the appellant, Odell Jackson and Bernard Smith were charged by Information with having carnal knowledge of one Arlester Darragh, age 14, on March 23, 1959. They were tried on April 16, 1959, convicted of carnal abuse and sentenced to one year in the penitentiary. From that judgment John Powell, Jr. prosecutes this appeal.

On March 23, 1959 the three persons above mentioned attacked Arlester Darragh, a negro girl 14 years of age. Appellant drew a razor and threatened Arlester in order to force her to carnally know one of the other boys. Appellant preserved numerous assignments of error in his Motion for a new trial including insufficiency of the evidence.

*Sufficiency of the Evidence.* Arlester and her father testified that she was only 14 years of age when she was attacked. She said the three assailants came to the door of her home and asked for a drink of water;

that Jackson started wrestling with her when appellant pulled a razor and threatened her, thereby forcing her to carnally know Jackson without her consent; that she promptly called her father and they went to the police and reported the incident. The Chief of Police stated that he apprehended the three assailants who admitted to being in the house with Arlester but denied the specific charge; that appellant admitted to having the razor in front of Arlester and that he attempted to force her to carnally know one of them. The razor was later recovered on information given by appellant. The doctor testified that he examined Arlester and detailed certain evidence to support the charge of carnal knowledge.

Arkansas Statutes § 41-3406 provides: "Every person convicted of carnally knowing, or abusing unlawfully, any female person under the age of sixteen years, shall be imprisoned in the penitentiary for a period of not less than (1) year nor more than twenty-one (21) years." Also there is other testimony, as indicated above to corroborate Arlester's story, however, since she was not an accomplice, no such corroboration was necessary. See *Bond* v. *State,* 63 Ark. 504, 39 S. W. 554; *Waterman* v. *State,* 202 Ark. 934, 154 S. W. 2d 813; and *Clack* v. *State,* 213 Ark. 652, 212 S. W. 2d 20. Arkansas Statutes § 41-118 provides that: "The distinction between principals and accessories before the fact is hereby abolished, and all accessories before the fact shall be deemed principals and punished as such."

It is apparent from the above, therefore, that there is substantial evidence in the record to support the jury verdict. Especially is this true since it is our duty to view the evidence in the light most favorable to the State. See *Daniels* v. *State,* 182 Ark. 564, 32 S. W. 2d 169; *West* v. *State,* 196 Ark. 763, 120 S. W. 2d 26; *Brown* v. *State,* 203 Ark. 109, 155 S. W. 2d 722; and *Higgins* v. *State,* 204 Ark. 233, 161 S. W. 2d 400.

Appellant argues several assignments of error based on certain statements made by the trial judge concerning the credibility of witnesses; on the Judge's action in sustaining the State's objection to a question asked the

prosecuting witness by appellant and on the admission of answers to several questions. We will not, however, consider the merits of these assignments for the reason that no proper objections and exceptions were made in these particular instances. See: *McKinley* v. *Broom,* 94 Ark. 147, 126 S. W. 391 and *Hicks* v. *State,* 225 Ark. 916, 287 S. W. 2d 12.

On cross-examination of the prosecuting witness the defendant asked her this question: "Did you have any trouble with your sisters because they were objecting to you running around and leaving home and having the police to look you up?" The objection by the State was sustained by the Court and this is assigned as error. Clearly the Court was right. Not only did this question call for a conclusion but it was immaterial because of the age of Arlester. On direct examination the State asked one of its witnesses this question: "Q. In your conversation with the prosecutrix did you learn the identity of anybody you later picked up?" In response to appellant's objection to the question the Court stated: "He (the witness) can say whether or not she described some people and whether or not he made an investigation." This did not constitute reversible error. See *Trotter* v. *State,* 215 Ark. 121, 219 S. W. 2d 636, where the Court in a similar situation stated: "The statement merely serves to explain why the policeman went to Mitchell's truck." The evidence elicited from the witness was not only not prejudicial to the rights of appellant but merely sought an explanation of the officer's actions, as was sanctioned in *Amos* v. *State,* 209 Ark. 55, 189 S. W. 2d 611. For the same reasons it was not error for the trial court to admit into evidence the following question and answer: "Q. From the conversation with the little girl did you (the officer) later pick up somebody based on what she had told you? A. Yes, sir, I did." Upon objection the Court said: "He can state what information he got from her (prosecutrix) and whether or not he acted on that information and what he did." This was not error.

The officer, Lammers, was allowed over the objections of the defendant to testify that appellant told him that he told the prosecuting witness she was going to have intercourse with one of them and that he had a razor and had it up in front of her. This was admissible as an admission tending to connect appellant with the crime for which he was charged. See *Dearen* v. *State,* 177 Ark. 448, 9 S. W. 2d 30.

After the State and the defense had closed their case and after each had so announced, appellant moved for a mistrial because of certain questions asked by the Prosecuting Attorney on the previous day during the trial. We have examined the questions complained of and find nothing in them to call for a mistrial. Moreover, an objection to be effective must be made at the first opportunity to do so, or appellant must move for exclusion. See *Clardy* v. *State,* 96 Ark. 52, 131 S. W. 46. At any rate, because of the delayed objection, the matter of granting a mistrial was in the sound discretion of the trial court and its action will not be reversed unless an abuse of that discretion is shown. See *Warren* v. *State,* 103 Ark. 165, 146 S. W. 477.

Appellant objected to several remarks made by the State's attorney in his closing argument, but we think any possible error was cured by the court's cautionary instructions to the jury. The Court instructed the jury not to consider certain statements the State's attorney had made. In the case of *Hicks* v. *State,* 193 Ark. 46, 97 S. W. 2d 900, where a similar situation arose this Court said: ". . . the Court excluded the statement of the Prosecuting Attorney made in argument and told the jury not to consider the other case in any manner whatsoever. No error was committed in refusing to declare a mistrial, as we are of the opinion that, assuming the remark made in argument was improper, the instruction of the court that jury was not to consider it in any manner whatsoever had the effect of removing any prejudice that might otherwise have been caused thereby."

We have carefully examined the statements made in this case by the State's attorney and we think any possible error was cured by the Court's instructions.

Finally, appellant argues that the cause should be reversed because of the alleged error committed by the trial court in refusing to give appellant's Requested Instruction No. 1 which reads as follows: ''Even if you should find one of the defendants had, on some prior occasion to that mentioned in the information as having occurred March 23, 1959, had intercourse with the prosecutrix and that she was under 16 years of age, you would still not be justified in convicting for carnal abuse on any such prior occasion.'' We think this instruction was properly refused because our search of the record fails to reveal any basis for the giving of such instruction, and appellant has not called our attention to any. This Court has uniformly held that where the evidence does not support an instruction it should be refused. See *Sims* v. *State,* 171 Ark. 799, 286 S. W. 981; *Withem* v. *State,* 175 Ark. 453, 299 S. W. 739; *Smith* v. *State,* 192 Ark. 967, 96 S. W. 2d 1; and *Smith* v. *State,* 213 Ark. 463, 210 S. W. 2d 913.

Therefore, finding no reversible error the judgment of the trial court should be, and it is hereby, affirmed.

Affirmed.