## WILLIAMS *v.* STATE.

### Opinion delivered May 3, 1902.

1.  RESISTING OFFICER.—THREAT.—A prosecution for feloniously resisting an officer by threatening and drawing a gun on him is sustained by proof that a constable called to defendant and told him to stop, that he had a warrant for his arrest, whereupon defendant, taking his gun from his shoulder and placing it in front of him, replied: "It will not do you one d—— bit of good to follow me," which caused the constable to desist from attempting to make the arrest.   (Page 395.)

2   SAME.—FAILURE TO INSTRUCT AS TO LOWER DEGREE.—One accused of feloniously resisting an officer cannot complain that the court instructed the jury that if they found defendant guilty of the offense charged they should fix his punishment at imprisonment in the penitentiary, without instructions that they might find him guilty of a lower degree of the same offense.   (Page 395.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*S. H. Mann,* for appellant.

The higher offense includes the lower, and the grade is a question for the jury.   41 Ark. 359.   Resisting process is a misdemeanor.   Sand & H. Dig., § 1826.   Resisting by threatening to draw, or by actually drawing, a gun upon an officer is a felony. Sand. & H. Dig., § 1828.   The charge may be a felony, the offense

only a misdemeanor. Sand. & H. Dig., § 2261. The process and warrant should have been produced. 17 Am. & Eng. Enc. Law, 24; 2 Park. Cr. (N. Y.), 13; 13 Tex. App. 103. An offense authorizing an arrest must first have been committed. 5 So. Rep. 536. A failure to inform the person to be arrested of the offense charged will justify resistance. 12 S. W. Rep. 146; 49 Ark. 449; Sand. & H. Dig., § 1973. Refusal to obey is not resistance. 37 Wis. 196.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J. John Williams was indicted for unlawfully, willfully, knowingly, and feloniously resisting E. L. Taylor, an acting and duly commissioned constable, in the execution of criminal process, by threatening and actually drawing a gun upon him while he, in his official capacity, was attempting to serve a warrant for his (Williams') arrest. He was tried by a jury and convicted.

The evidence adduced by the state tended to prove the following facts: E. L. Taylor was constable of Griggs township, in St. Francis county, in this state. A justice of the peace of the same township issued and delivered to him a warrant for the arrest of the defendant for disturbing the peace. He immediately proceeded to execute the warrant. When he was near the defendant, he called him, and told him to stop, and that he had a warrant for his arrest. The defendant, knowing that he was a constable, turned his face toward him, threw a gun, which he was carrying on his shoulder, down in front of him, and said: "It will not do you one d—— bit of good to follow me." This caused the constable to stop pursuit, to retrace his steps, and make no arrest.

The court, after telling the jury what the allegations in the indictment were, instructed them as follows: "If you find the defendant guilty of the offense charged in the indictment, you will fix his punishment at confinement in the penitentiary for not less than one year nor more than five years. If you find the defendant not guilty, you will say so."

The defendant moved for a new trial upon the following grounds: "(1) The verdict was contrary to the law; (2) the verdict was contrary to the evidence; (3) the court misinstructed the jury as to the law by failing to tell them that it was competent for them, if they saw proper, to find the defendant guilty only of a misdemeanor."

The statute under which the defendant was indicted is as follows: "Every person who shall resist the execution of any civil or criminal process by threatening or by actually drawing a pistol or gun or other deadly weapon upon the sheriff or other officer authorized to execute such process shall, upon conviction thereof, be imprisoned in the penitentiary for a term not less than one nor more than five years."

We think that the evidence was sufficient to convict. When the constable called the defendant, and told him to stop, and that he had a warrant for his arrest, the defendant threw his gun from his shoulder, and brought it in front of him, and said: "It will not do you one d—— bit of good to follow me." This was clearly a threat to use his gun in resistance of the officer if he followed for the purpose of arresting him. The officer so understood it, and made no arrest.

The instruction given to the jury was more favorable to the defendant than he insists it should have been. Instead of saying to the jury that "it was competent for them, if they saw proper, to find the defendant guilty only of a misdemeanor," the court instructed them, if they found that he was not guilty of the offense charged, to say so. The court virtually told the jury, if the defendant was not guilty in manner and form charged in the indictment, to acquit him. There was no error in it prejudicial to the defendant.

Judgment affirmed.