### Johnson *v.* State.

### Opinion delivered September 23, 1918.

1. Homicide—assault with intent to kill—sufficiency of evidence.—Evidence *held* sufficient to support a conviction of assault with intent to kill.

2. Criminal law—extrajudicial confession—corroboration.—An extrajudicial confession of defendant that he shot the prosecuting witness on a certain night is sufficiently corroborated by evidence of the prosecuting witness that some one shot him on that night.

3. Homicide—instructions—harmless error.—Though the evidence in a prosecution for assault with intent to kill tended to prove that defendant was guilty of that offense or nothing, it was not prejudicial error to instruct as to aggravated assault and assault and battery where the jury found defendant guilty of an assault with intent to kill.

Appeal from Hempstead Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*D. B. Sain,* for appellant.

1. The evidence is not sufficient to sustain the verdict. The extrajudicial confession was not supported by any other proof. Kirby & Castle's Digest, § 2555; 94 Ark. 343; 73 *Id.* 407; 115 *Id.* 566; 117 *Id.* 539.

2.   It was error to refuse to give instruction No. 4 and other instructions.

3.   The remarks of the prosecuting attorney were prejudicial.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The evidence is ample to support the verdict. The confession was corroborated and accompanied by other proof.   Kirby's Digest, § 2385.

2.   The requested instruction No. 4 was properly refused and there was no error in instructions as to lesser offenses.   But error, if any, was cured by the verdict. 77 Ark. 247; 59 *Id.* 431; 60 *Id.* 76; 54 *Id.* 4; 58 *Id.* 513; 73 *Id.* 280; 102 *Id.* 195; 91 *Id.* 224.

3.   There was no error in the remarks of the prosecuting attorney.   If error, it was invited.   75 Ark. 350; 104 *Id.* 162; 19 *Id.* 25; 61 *Id.* 157; 122 *Id.* 509.

HART, J.   William Johnson was indicted, tried and convicted of the crime of assault with intent to murder Hugh Dixon, his punishment being fixed by the jury at the term of one year in the State penitentiary.   From the judgment of conviction he has duly prosecuted an appeal to this court.

It is first earnestly insisted by counsel for the defendant that the evidence is not sufficient to warrant the verdict; but in this connection we can not agree with counsel.

According to the testimony of the prosecuting witness he was shot at his home in Hempstead County, Arkansas, about dark on the 28th day of February, 1918.   At the time he was sitting by the fire in his house with his children and had just told one of them to shut the door when a gun was fired.   It sounded like it was in the corner of the yard in front of the door, a short distance from where he was sitting.   Four buckshot fired from the gun came through the open door and struck him in the back, seriously wounding him.   The door was open at the time

the shot was fired and the prosecuting witness had not heard any noise prior to the shooting.

According to the testimony of Alec White, he was not related to either Hugh Dixon or William Johnson. A few days after the shooting, Johnson admitted to him that he had shot Hugh Dixon. He said that he was standing in the corner of the yard when Dixon came in the back way and went into the house and sat with his back to the front door which was open. The defendant then fired his gun and shot Dixon in the back. He further stated to White that he was sorry for what he had done and that what he had been told about Hugh Dixon before the shooting was not the truth.

The defendant testified for himself and denied that he shot the prosecuting witness. He testified that he was at home playing cards with his three brothers at the time Dixon says he was shot. His testimony was corroborated by that of his three brothers. His parents also testified that he ate supper at their house and went home right after supper. It was also proved by the defendant that Alec White had stated that if it took swearing to send the defendant to the penitentiary that he was going to do it. In rebuttal it was proved by the State that, after the defendant had been arrested, he asked a second cousin of the prosecuting witness to testify that he was at the defendant's house the night of the shooting.

Thus it will be seen that the testimony for the State and for the defendant is in direct and irreconcilable conflict. The testimony for the State, however, if believed by the jury, was sufficient to warrant the conviction. It was proved that some one shot the prosecuting witness in the back and that the defendant in a few days thereafter admitted that he fired the shot. This testimony was sufficient to warrant the conviction.

It is true that we have held many times under section 2385 of Kirby's Digest that a confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed. The defendant confessed to Alec White

that he had shot the prosecuting witness on the night in question. It was proved by the prosecuting witness that some one shot him on that night. Thus it will be seen that the requirements of the statute were fully met by the State in this case.

The court instructed the jury that the crime of aggravated assault and simple assault were included in the indictment, and also instructed the jury on the law governing these offenses. It is insisted by counsel for the appellant that under the testimony the defendant was guilty of an assault with intent to kill or nothing, and that the court erred in instructing the jury on the lesser offense. We need not decide this question for the reason that, even if the court erred in giving the instructions complained of, it is manifest that they resulted in no harm to the defendant. The jury found him guilty of an assault with intent to kill, and this conclusively shows that the jury was not influenced by the instructions on the lesser offenses. Hence it is certain that the same verdict would have been rendered by the jury if the court had not instructed on the lesser offenses. *Jones v. State,* 102 Ark. 195.

It is next insisted that the judgment should be reversed because the court allowed the prosecuting attorney in his closing argument to use the following language:

"He says if William Johnson told Alec White or confessed to him, that he had shot Hugh Dixon, he ought to be sent to the lunatic asylum. Why, gentlemen, if you will allow me to state it, men have come before this court, not last year, not last month or last week, but this very week, and without any testimony against them, have confessed their crimes and——"

The record shows that the language of the prosecuting attorney was uttered in response to a statement which had been made by counsel for the defendant in the course of his argument to the jury which is as follows:

"A man who would commit a crime and then confess it ought to be in a lunatic asylum. I never heard of a case like that in my life and the prosecuting attorney never heard of one."

Hence it will be seen that the language of the prosecuting attorney was used by him in response to the statement made by counsel for the defendant and was, if error at all, invited error. *Rhea* v. *State,* 104 Ark. 162. Besides this the remarks were not calculated to influence a jury of sensible men to disregard the oath they had taken to try the case according to law and the evidence. The remarks were more in the nature of an expression of an opinion by the prosecuting attorney as to the circumstances under which defendants would confess the crimes with which they were charged. *Blackshare* v. *State,* 94 Ark. 548, and *Cravens* v. *State,* 95 Ark. 321.

We find no prejudicial error in the record, and the judgment will be affirmed.