PATTERSON *v.* STATE.

· Opinion delivered January 12, 1920.

1.   OBSTRUCTING JUSTICE—RESISTING ARREST.—Testimony tending to prove that an officer went to accused's home to arrest him, that accused refused to submit to arrest, and said that he would appear before the justice on the following morning, and turned to walk back toward the house, whereupon the officer fired to frighten him; that he continued into the house and returned with a shotgun for the purpose of intimidating the officer and preventing him from making an arrest, was sufficient to sustain a conviction of resisting an officer.

2.   OBSTRUCTING OFFICER—RESISTING ARREST.—Where an officer with a warrant of arrest made an unlawful assault on accused and he secured his gun for the sole purpose of defending himself, he was not guilty of resisting the execution of criminal process by the drawing of a gun on an officer under Kirby's Digest, section 1962.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

There is no legal evidence on which the verdict could be legally based and if instruction No. 1 asked by defendant and given by the court is a correct theory of the law, and it is, had been followed by the jury, defendant was entitled to an acquittal. The verdict is contrary to the evidence. 55 Ark. 502.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

The evidence is ample to convict of the crime charged, resisting the execution of legal process. Kirby & Castle's Digest, § 2110. His claim that the officers made an unwarranted attack upon him and that he merely acted in self-defense, is not sustained by the law or evidence. It was purely a jury question and the verdict is conclusive, and the verdict and punishment are not too severe.

McCulloch, C. J. Appellant was convicted under an indictment charging a violation of the following statute:

"Every person who shall resist the execution of any civil or criminal process, by threatening or by actually drawing a pistol, gun or other deadly weapon upon the sheriff or other officer authorized to execute such process, shall, upon conviction thereof, be imprisoned in the penitentiary for a term not less than one nor more than five years." Kirby's Digest, section 1962.

The sole ground urged for reversal is that the evidence was not sufficient to sustain the verdict. The charge is that appellant obstructed the service of criminal process in the hands of Porter Pounders, a deputy sheriff of Lincoln County. It is undisputed that a criminal charge against appellant was lodged before a justice of the peace of Lincoln County and that a warrant of arrest was issued and placed in the hands of Pounders, a deputy sheriff. He went to appellant's house for the purpose of serving the warrant.

Pounders testified that he drove up in front of appellant's house and called appellant out and informed him that he had a warrant for his arrest, and that appellant expressly refused to submit to arrest and turned and walked back toward his house, when Pounders fired two shots into the ground, as he stated, to scare appellant, but appellant ran into the house and returned with a gun which he leveled at Pounders and declared that·

he would "die and go to hell" before he would submit to arrest by Pounders. Pounders testified further that he got behind the car to prevent appellant from shooting him and that he engaged appellant in conversation for about ten minutes trying to persuade him to submit to arrest, but that appellant refused and kept his gun in position all the while to prevent the officer from forcibly arresting him. Pounders also testified that as appellant rushed into the house to get the gun he fired a shot at him, but missed him.

According to appellant's own testimony, he did not refuse to submit to arrest but merely stated that he would appear before the officer the next day, that particular day being Sunday, and that Pounders thereupon began to fire on him and that he ran into the house and got his gun for the purpose of protecting himself from Pounder's assault. There is, however, a sharp conflict in the testimony, and the issue has been settled against appellant by the verdict of the jury.

We think the testimony was sufficient to sustain the verdict. The evidence tends to show that appellant refused to submit to arrest and that he procured a gun and drew it on the officer, not for the purpose of protecting himself from assault, but to intimidate the officer and to prevent him from enforcing submission. *Williams v. State,* 70 Ark. 393.

Conceding that the act of Pounders in firing at appellant as he went into the house constituted the use of excessive force and was wrongful, yet this did not lessen the effect of appellant's own criminal act in securing his gun and drawing it on the officer for the purpose of preventing him from making the arrest. Of course, if Pounders made an unlawful assault on appellant, and appellant secured the gun for the sole purpose of defending himself, he would not be guilty, but the testimony adduced in the case warrants the finding that appellant did not get the gun for the purpose of defending himself, but that he ran into the house and secured

the gun and leveled it at the officer for the purpose of preventing the execution of the warrant.

Judgment affirmed.