Cush *v*. State.

Opinion delivered November 18, 1929.

*June R. Morrell,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

Butler, J. Appellant was tried and convicted on a charge of larceny, and the testimony adduced by the State tended to establish the following facts:

On an afternoon in the cotton picking season, a wagon containing about 1,000 pounds of cotton in the seed was left standing in the field of the owner, and early in the morning of the day following it was discovered that the wagon had been emptied during the night, and its contents carried away. There were a number of horse tracks at the wagon, which, on being followed, led to

the house of one Martin Roberts, some distance away. On the porch of this house a large pile of cotton was found, which had been placed there by several persons during the preceding night, without Roberts, who was in bed, knowing who they were. During the night several persons were seen with horses loaded with sacks of cotton about a mile and a half from Martin Roberts' and going from the direction where the cotton had been in the wagon and toward Roberts' house. On the same day an officer, having obtained information that appellant was one of the persons who had stolen the cotton, arrested appellant at his house, which was in the neighborhood of Roberts' house, and of that where the cotton had been carried away.

The officer making the arrest testified, without objection, that at the time of the arrest, or shortly after, appellant stated that he had gone horseback on the second trip with others, and that he had brought back 169 pounds of seed cotton which was weighed by Roley Roberts, Martin's son. Appellant further said that he hated to be in trouble, but it looked like he was. This statement was made at or shortly after appellant was arrested, and either at his house or just after he got into the officer's car.

One witness testified that seed cotton at the time was worth "5, 6 or 7 cents" per pound.

Several grounds for reversal are presented by appellant, which will be stated and discussed in the order presented by appellant in his brief.

■ That there is no testimony to show that the cotton on the porch of Martin Roberts is the cotton that was missing, and that the testimony regarding appellant's confession was incompetent because it was not shown that the confession was free and voluntary; that, as there is no other evidence tending to connect the appellant with the commission of the crime, the court erred in submitting the case to the jury.

The evidence was sufficient to lead to the reasonable inference that the crime was committed, and that the cotton found on the porch of Martin Roberts was the cotton which had been stolen; the wagon was found emptied of its contents; the tracks of horses were found leading from there to the house of Roberts; persons were seen on the night of the larceny with horses loaded with sacks of cotton going from the direction of the wagon towards the home of Roberts, and when Roberts went to bed he had between 75 and 150 pounds of cotton on his porch, which grew during the night to 1,031 pounds. As stated, this evidence, while wholly circumstantial, was amply sufficient to warrant the inference that it was the identical cotton taken from the wagon found on the porch of Martin Roberts, and that the crime had been committed by some one. This, with the appellant's confession, if competent, was sufficient to support the verdict. Crawford & Moses' Digest, § 3182; *Melton* v. *State,* 43 Ark. 367; *Johnson* v. *State,* 135 Ark. 377, 205 S. W. 646; *Standridge* v. *State,* 169 Ark. 294, 275 S. W. 336.

An examination of the record discloses that appellant did not object to the testimony of the officer to whom the confession was made, but cross-examined him relative to the time and place and substance of the confession. If the question of the voluntary nature of appellant's confession had been raised, undoubtedly the burden to show its free and voluntary character would have rested upon the State. *Hall* v. *State,* 125 Ark. 263, 188 S. W. 801; *Fenn* v. *State,* 127 Ark. 204, 191 S. W. 899. But the appellant permitted the testimony to go unchallenged either by objection or motion to exclude it from the jury's consideration, and is not now in position to complain because of it. *Harding* v. *State,* 94 Ark. 65, 126 S. W. 90; *Warren* v. *State,* 103 Ark. 165, 146 S. W. 477 Ann. Cas. 1914B, 698; *Howell* v. *State, ante* p. ................

Moreover, the circumstances surrounding the confession were such as to have justified the jury in the conclusion that the statement of appellant connecting himself

with the larceny was the free and spontaneous disclosure of the facts, which he doubtless felt were already known to the officer. This question was fairly presented to the jury in an instruction by which it was told that it must find, before it could consider the alleged confession, that same was in fact made, and was the one repeated by the witness, and was in fact the truth; that the confession was made voluntarily, and that, in order to be so, it must have been made without hope of reward and without fear of punishment. In the same instruction the jury was told that the burden was upon the State to show that such confession was voluntarily made.

In view of this instruction, the presumption is that the jury must have found from the circumstances surrounding appellant's confession that it was free and voluntary. *Logan* v. *State,* 150 Ark. 489, 234 S. W. 493.

■ Appellant insists that, even though the evidence might be sufficient to warrant a verdict of guilty, the crime proved was petit larceny only, because the value of the cotton stolen did not exceed $10. Appellant is mistaken. First, the evidence was to the effect that cotton was worth from 5 to 7 cents; the jury was at liberty to accept any figure between the minimum and maximum value, and was justified in its finding of more than $10 in value. Besides, it is manifest that, on the trip appellant confesses he made, he was criminally responsible, not only for the cotton actually carried away by himself, but also for that asported by his fellow thieves, which was largely in excess of the minimum for grand larceny.

■ Appellant complains of the variance between the indictment and the evidence, in that there was no evidence to show one of the persons, L. B. Anderson, in whom joint ownership of the cotton was laid, had any interest in it further than a landlord's lien for rent; and that instruction No. 2, given by the court, in which the jury was told, if it found defendant stole cotton, the property of L. B. Anderson and others named in the indictment, was erroneous and prejudicial. Again appellant

is mistaken. The proof is positive that Anderson and the others each had an undivided one-fourth interest in the cotton, and each were to have one-fourth of the proceeds when sold.

■ Lastly, appellant assigns as error the giving by the court of a part of instruction No. 7, which is as follows: "You are instructed that it is competent to convict upon circumstantial evidence as upon positive testimony. Positive testimony is that of eye-witnesses, witnesses who testify as to the transaction that show the guilt or innocence of the defendant. Circumstantial evidence is evidence of circumstances by which guilt or innocence is proved or disproved." The portion of the instruction which follows is the part of which complaint is made. "In so far as the evidence is circumstantial in this case, to convict the defendant it is necessary that the circumstances not only point to and be consistent with the guilt of the defendant, but should be inconsistent with his innocence." It is said by appellant: "This part of the instruction, in effect, told the jury that there was circumstantial evidence in the case, for it says 'in so far as the evidence is circumstantial in this case,' it is necessary that the circumstances not only point to his guilt * * *. It was a matter solely for the jury to determine as to whether there had been any evidence of a circumstantial nature introduced, but the court told them there is circumstantial evidence."

While not approving the phraseology of the instruction as a whole, we are of the opinion that a fair consideration of the phrase, "in so far as the evidence is circumstantial," does not justify the construction placed upon it by the appellant, namely, that by it the court told the jury that "there is circumstantial evidence." The introductory words, "in so far," implies a conditional statement, which may or may not be true. And the court by the expression only meant to say, whatever circumstances are proved, these should be considered and weighed by the rules announced. The court did not say

there were circumstances proved, but that, whatever were shown, they must point to his guilt and be inconsistent with his innocence. The court had already told the jury the burden was upon the State to prove the defendant guilty beyond a reasonable doubt, and no prejudice could have resulted. *Carr* v. *State,* 81 Ark. 589, 99 S. W. 831.

The judgment is affirmed.