HARGETT *v.* STATE.

5037                                                          357 S. W. 2d 533

Opinion delivered May 28, 1962.

*Claude F. Cooper,* for appellant.

*J. Frank Holt,* Attorney General, by *Russell J. Wools,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted of burglary and grand larceny and sentenced to imprisonment for nine years. In seeking a reversal of the judgment he questions the admissibility of his confession.

It is first suggested that the confession should have been excluded because there is no other evidence connecting the accused with the crimes. This is immaterial. An extra-judicial confession is sufficient to support a conviction if there is other proof that the offense was committed by someone. Ark. Stats. 1947, § 43-2115; *Haraway* v. *State,* 203 Ark. 912, 159 S. W. 2d 733. Here there was testimony that the drugstore in question had been broken into and that more than $300 in money and more than $70 in merchandise were taken.

The appellant's principal contention is that his confession was not voluntarily given. Hargett, a young man of twenty-two, was arrested in Steele, Missouri, after he had apparently injured his leg in kicking out a glass door or window in a grocery store there. He waived extradition, and Captain Ford, a Blytheville police officer, was sent to bring him back to Arkansas. The confession was made to Ford.

Ford testified that he warned Hargett that any statement that he made could be used against him. Ford said that no threats or promises of reward or immunity were made. On cross-examination he stated candidly that he told Hargett that "[I] would help him all I could. In fact, I helped the young man all I could. All I ever told him, I would help him all I could." He denied that this offer to help was conditioned on Hargett's admitting the burglary. Ford also said that the accused was not complaining about his injured leg during their in-

terview and that there was no promise to take him to the hospital if he would confess.

From the evidence as a whole the jury were justified in believing that in the course of questioning the prisoner Ford made the general statement, but not as a specific inducement for a confession, that he would help Hargett all he could. The issue is not free from difficulty, but we are unwilling to say as a matter of law that Ford's vague offer of assistance rendered the confession involuntary and inadmissible.

"Often the statement or conduct [of the interrogator] is not a clear and specific promise of immunity, reward or benefit. In such event the question of whether the statement or conduct was such as would and did induce hope of reward or benefit depends largely upon the circumstances of each case." Underhill's Criminal Evidence (5th Ed.), § 388. In *Cornelius* v. *Moore,* 208 Ala. 182, 94 So. 55, the sheriff told the accused that "any other way I can be a friend to you I will be glad to do it." The confession was held to be admissible.

Similarly, in *State* v. *Kwiatkowski,* 83 N. J. Law 650, 85 Atl. 209, the prisoner asked an interpreter about obtaining bail, and he was told that the interpreter would help him as much as he could. In holding the confession to be voluntary the court pointed out that the interpreter's offer was not held out to the prisoner as a consideration for his making a statement or confession.

Here the question of whether Hargett's statements to Ford were voluntary was submitted to the jury under instructions that are not challenged. We are not convinced that the officer's decidedly indefinite assurance of help was necessarily sufficient to induce Hargett to make an admission of guilt that he would not otherwise have made. The court properly left the question to the jury, whose verdict is conclusive.

Affirmed.