HARDAWAY *v.* STATE.

5104                                               377 S. W. 2d 813

Opinion delivered April 13, 1964.

[Rehearing denied May 11, 1964.]

*Paul K. Roberts,* for appellant.

*Bruce Bennett,* Attorney General, by *John P. Gill,* Asst. Atty. Gen., for appellee.

SAM ROBINSON, Associate Justice. Appellant, Al Hardaway, was convicted of possessing untaxed alcohol and resisting an officer. Appellant, Victor Hardaway, was convicted of assaulting an officer and interfering with an officer. The alleged offenses grew out of the action of peace officers in searching the home of Al Hardaway on authority of a purported search warrant. Untaxed alcohol was found in the house and later was introduced as evidence at the trial.

The issues appellants raise on appeal are the validity of the search and the correctness of an instruction given by the court telling the jury that the search warrant was valid. Prior to the trial no motion was made to suppress the evidence, and during the trial no objection was made to the introduction of the evidence; but after both the State and the defense had rested, appellants filed a motion to suppress the untaxed alcohol as evidence, alleging that the purported search warrant was invalid. The court overruled the motion; appellants made no objection and saved no exceptions. Likewise, appellants made no objection and saved no exceptions to

the action of the court in giving the instruction to the effect that the search warrant was valid.

Under the provisions of Act 555 of 1953, the saving of formal exceptions to orders and rulings of the court is unnecessary; but this Act does not apply in criminal cases. *McConnell* v. *State,* 227 Ark. 988, 302 S. W. 2d 805. Objections and exceptions are necessary in a criminal case of this kind to preserve the point for review on appeal. *Hicks* v. *State,* 225 Ark. 916, 287 S. W. 2d 12; *Powell* v. *State,* 231 Ark. 737, 332 S. W. 2d 483.

Affirmed.