CRABTREE *v.* STATE.

5099             381 S. W. 2d 729

Opinion delivered September 14, 1964.

No brief filed for appellant.

*Bruce Bennett,* Attorney General, By: *Jack L. Lessenberry,* Chief Asst. Atty. Gen., for appellee.

FRANK HOLT, Associate Justice. The appellant was charged by a felony information with the crime of unlawfully resisting the execution of a criminal process in violation of Ark. Stat. Ann. § 41-2803[1] (1947). A jury trial

---

[1] "Every person who shall resist the execution of any civil or criminal process by threatening or by actually drawing a pistol, gun or other deadly weapon upon the sheriff or other officer authorized to execute such process shall, upon conviction thereof, be imprisoned in the penitentiary for a term not less than one [1] nor more than five [5] years."

resulted in his conviction and a penitentiary sentence of two and one-half years.

On appeal appellant questions the sufficiency of the evidence. The State presented evidence that Sheriff Birtcher and his Deputies, Pope and Gladden, went to appellant's home for the purpose of searching appellant's house for the illegal possession of intoxicating liquor. The Sheriff and his Deputies were in uniform and identified themselves as officers with a search warrant when appellant answered their knock at the front door. The appellant slammed the door and ran to the rear of his house. Sheriff Birtcher and Deputy Pope immediately forced the door open and found the appellant in the kitchen where the Sheriff observed him disposing of untaxed liquor with one hand while pointing a pistol at the Sheriff's head with the other. In the struggle disarming appellant the pistol was also pointed at Officer Pope. According to appellant's evidence it was his wife who went to the front door. He admitted he had a fully loaded gun in his hand because he did not know who was at the door but denied that he threatened the officers or pointed the gun at them. He contended that the first knowledge he had of the officers having a search warrant was when he was placed in jail. These were issues of fact to be determined by the jury. Certainly there was sufficient evidence to warrant the jury's verdict. *Williams* v. *State,* 70 Ark. 393, 68 S. W. 241; *Patterson* v. *State,* 141 Ark. 422, 217 S. W. 480; *Slim & Shorty* v. *State,* 123 Ark. 583, 186 S. W. 308.

Appellant contests the validity of the felony information, urging that the trial judge erred in overruling his demurrer to the original information. In overruling appellant's demurrer the trial court instructed the prosecuting attorney to amend the information. The prosecuting attorney filed a second or an amended information, whereupon appellant moved that such information be dismissed. It was then agreed by the appellant that the original information could be amended by interlineation which was done. Appellant insists the court should have

then dismissed the second information. It is undisputed that appellant was tried upon the first information as amended by the interlineation with appellant's approval. We fail to see any merit in appellant's argument. Furthermore, the amendment of a formal accusation is permitted by statute where it does not substantially affect the nature or degree of the alleged crime. Ark. Stat. Ann. § 43-1024 (1947). The offense alleged in the instant case was not so affected by the amendment.

Appellant argues for reversal that the search warrant was not a valid and subsisting process and should not have been admitted into evidence because the search warrant and affidavit upon which it was based were not properly prepared or legally issued. When these two instruments were admitted into evidence the court inquired if there were any objections and the appellant's attorney replied there were none. No motion was ever made to suppress this evidence. It is necessary that proper objections and exceptions be made in a criminal case in order to preserve a point for review upon appeal. *Hicks* v. *State,* 225 Ark. 916, 287 S. W. 2d 12; *Hardaway* v. *State,* 237 Ark. 966, 377 S. W. 2d 813.

There is yet another answer to appellant's attack on the validity of the search warant. The validity of a criminal process, regular on its face, is immaterial in the prosecution for a violation of this statute. One cannot defy and obstruct the service of such a process without being subject to prosecution. *Appling* v. *State,* 95 Ark. 185, 128 S. W. 866. It is undisputed that the search warrant in the instant case was regular on its face.

The appellant contends that the "court erred in giving court's instructions over defendant's objections which were dictated into the record and which objections and exceptions were made a part of this motion". This general assignment of error is too indefinite and is not sufficient to bring the matters forth on appeal. *Page* v. *State,* 181 Ark. 314, 25 S. W. 2d 422; *McGee* v. *State,* 215 Ark. 649, 375 S. W. 2d 234.

Finding no merit in any of appellant's assignments of error, the judgment is affirmed.