DON BIVENS *v.* STATE

5259                                                      413 S. W. 2d 653

Opinion delivered April 17, 1967

*Pryor & Barnes*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant seeks reversal of his conviction of voluntary manslaughter upon the ground that an admission of guilt by appellant was improperly admitted into evidence and that there was no other evidence that tended to prove his guilt.

On the night of the alleged offense, appellant attended a dance at the Lafayette High School gymnasium and while he was there a fight started. The deceased, one James Carpenter, and appellant were watching the fight from the bleachers when they became involved in a fight themselves and rolled down to the floor at the bottom. There Carpenter was pulled off appellant by Ellis Wilkins, the latter's cousin, and appellant admits that Carpenter had been cut and was bleeding at that time. It was shown that Carpenter died as the result of a stab wound.

Ellis Wilkins said that after the fight, appellant gave him a large knife which he put in his pocket. After

the police came he gave it to one Martha Johnson who took it home with her. Wilkins guessed that appellant started to help one of the participants in the first fight and that the deceased then jumped on appellant. He said that he went over where the fight was going on because one of those in the first fight had previously beaten appellant up.

Martha Johnson, who was sitting with Ellis Wilkins when the fight started, said that she put the knife in her "bosoms", took it home and put it in a box. She said her mother put it down the hole in an "outdoors bathroom", but got it out when the police asked her for it. She had seen something black and brown that looked like blood on the knife.

Dorothy Geneva Morgan said that while she was coming out the door of the "gym" she overheard Bivens say to Wilkins, "I tried to kill the ———".

Sheriff Grover Linebarier, accompanied by his deputy Paul Parrish, arrested appellant at the latter's home in Keystone in the early morning hours after the incident. He testified that on the way in, without questioning by the officers, appellant, on his own accord, said that he knew he cut the boy but he didn't think he cut him that bad. The sheriff said that he had at the time of the arrest told appellant that the boy he had allegedly cut had died and they were going to take him in for further questioning. The sheriff stated that he had not warned appellant of his right to counsel and against self incrimination as they were not questioning him and were not prepared to take a statement, although he was arrested as the only suspect.

No objection was made to the testimony of the sheriff, there was no motion to strike any part of his testimony, and there was no motion for a directed verdict of acquittal. The sufficiency of the evidence and the admissibility of appellant's statement to the sheriff were first questioned in a motion for new trial. In that mo-

tion appellant states that his admission was rendered inadmissible because appellant was not advised of his right to counsel and his right against self incrimination.

Appellant's contention as to insufficiency of evidence for want of corroboration of his extrajudicial "confession" might properly have been raised by motion for a directed verdict. Ark. Stat. Ann. § 43-2117 (Repl. 1964). While it has been held by this court that the sufficiency of the evidence to sustain the verdict of a jury will be reviewed even in the absence of a request for a directed verdict [*Murray* v. *State*, 240 Ark. 32, 397 S. W. 2d 812], the failure to make the motion is some indication that appellant's counsel probably felt at that time there was sufficient corroborating evidence to make a question for the jury. The statute only requires that an extrajudicial confession be accompanied by other proof that such an offense was committed. Ark. Stat. Ann. § 34-2115 (Repl. 1964). The test of the correctness of the verdict is not whether there was sufficient evidence to sustain a conviction, but whether there was evidence that such an offense was committed or, in other words, proof of the corpus delicti. *Charles* v. *State*, 198 Ark. 1154, 133 S. W. 2d 26; *Forester* v. *State*, 224 Ark. 19, 272 S. W. 2d 320; *Hargett* v. *State*, 235 Ark. 189, 357 S. W. 2d 533; *Clay* v. *State*, 236 Ark. 398, 366 S. W. 2d 299; *Stewart* v. *State*, 237 Ark. 748, 375 S. W. 2d 804.

The evidence showing that decedent died as a result of a stab wound, that he and appellant were engaged in some kind of physical altercation and that appellant tried to dispose of a knife of which he had possession is ample proof that a crime was committed and to connect appellant with it, in the absence of his admission or confession. A confession by an accused that he shot the prosecuting witness was held sufficiently corroborated on a charge of assault with intent to murder by testimony by the latter that someone shot him. *Johnson* v. *State*, 135 Ark. 377, 205 S. W. 646. In the absence of **evidence** suggestive of any means other than violence

as cause of death, identification of a skeleton as that of defendant's wife who was last seen with the defendant before she disappeared following a quarrel with him was held sufficient corroboration of a confession in *Hall* v. *State,* 209 Ark. 180, 189 S. W. 2d 917. The discovery of blood in the deceased's cabin and a trail of blood leading to a river where his body was recovered was held sufficient in *Penton* v. *State,* 194 Ark. 503, 109 S. W. 2d 131. Where death of deceased was caused by gaping head wounds which appeared to have been inflicted with a hammer of the type found at appellant's employer's place of business with blood stains on it, there was sufficient corroboration. *Charles* v. *State,* 198 Ark. 1154, 133 S. W. 2d 26. Evidence that when defendant brought his wife to a hospital, she had multiple contusions, lacerations, bruises and abrasions about the head and face, which appeared to have been recently inflicted and that there were bloody articles of clothing and blood spots and loose hair found about their home, together with a medical opinion that death was caused by a swelling of her brain caused by a blow, was held sufficient evidence of the corpus delicti in *Forester* v. *State,* 224 Ark. 194, 272 S. W. 2d 320. The evidence on behalf of the State hereinabove mentioned was sufficient corroboration of appellant's statement to the sheriff.

The remaining question about admissibility of the statement of appellant to the sheriff is based on a contention that one interrogated while in custody must be warned of his right against self incrimination and that he has a right to counsel, retained or appointed, during interrogation. This contention can be disposed of on the basis that there was a knowing and intelligent waiver of this contention by the failure of appellant to object to the introduction of the testimony, or to move to strike it, or to even move for a directed verdict on insufficiency of evidence. Before an alleged error in a felony case of a degree less than capital may be considered by this court, there must be an objection calling for a ruling by the trial court, an exception to an adverse

ruling, the matter brought into the record by bill of exceptions and carried forward into a motion for new trial which serves only to assign the ruling of the trial court as error. *Ford* v. *State,* 222 Ark. 16, 257 S. W. 2d 30; *Bell* v. *State,* 223 Ark. 304, 265 S. W. 2d 709; *Carter* v. *State,* 230 Ark. 646, 326 S. W. 2d 791.

In *Tiner* v. *State,* 239 Ark. 819, 394 S. W. 2d 608, it was held that alleged error in permitting a sheriff to testify as to statements made to him by a winess, first raised in the motion for new trial, could not be considered by this court. Here appellant was a high school senior whose grade average of C's and B's and age (16) at which he reached this stage of his education would indicate at least average intelligence. It must be presumed that he made a full disclosure of all circumstances, including his statements, to the capable counsel by whom he was represented, an attorney at the bar of the court where appellant was tried. In this regard it is noted that the defendant called the deputy sheriff, Paul Parrish, as his witness. He interrogated him about statements made by appellant during the investigation, at the home in which appellant resided, and before the arrest. A statement of appellant at that time was virtually the same as that later made voluntarily to the sheriff. Under these circumstances, we find no basis for review.

The rule has been applied even when violation of constitutional rights was asserted as the bar to admission of evidence. See *Hardaway* v. *State,* 237 Ark. 966, 377 S. W. 2d 813, and *Crabtree* v. *State,* 238 Ark. 358, 381 S. W. 2d 729, where the fruits of alleged illegal searches and seizures were involved. A party cannot speculate upon what the testimony of the witnesses will be and then at the end of the trial demand as a matter of right that incompetent testimony be excluded. *Turner* v. *State,* 192 Ark. 937, 96 S. W. 2d 455.

This latter contention, even if it had been timely raised, is not well founded. This court has held that spontaneous admission of guilt by one taken in custody

on a warrant of arrest without any process of interrogation was not inadmissible on the grounds asserted here. *Turney* v. *State,* 239 Ark. 851, 395 S. W. 2d 1. *Miranda* v. *State of Arizona,* 38 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974, does not affect this holding. The statements rendered inadmissible by that decision are those obtained by in-custody interrogation, without adequate warning as to the constitutional rights here asserted. The opinion in the *Miranda* case clearly states that volunteered statements of any kind are not barred by the Fifth Amendment.

The judgment is affirmed.