CALVIN DAVIS *v.* STATE OF ARKANSAS

5289 · 419 S. W. 2d 125

Opinion delivered October 9, 1967

*Kenneth Coffelt,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The trial court, sitting without a jury, found the appellant guilty of robbery and sentenced him to three years imprisonment. For reversal it is contended that the court erred in admitting proof of an oral confession made by the accused while he was being questioned by four police officers.

At about nine o'clock on the night of February 14, 1966, a man armed with a pistol held up the clerk in a Little Rock liquor store and took about $100 in cash and a bottle of whiskey. At about midnight the North Little Rock police arrested the appellant, Calvin Davis, and his companion, George Overton, who was wanted for several robberies. Davis was then nineteen years old and

had no prior criminal record. The two were riding in a pick-up truck that belonged to Davis's employer and was being driven by permission.

Overton eventually pleaded guilty to the offense now in question and to four other robberies. In the court below, however, Overton exonerated Davis of any complicity in the offense with which Davis was charged. Overton testified that he alone committed the robbery while Davis waited in the truck and that Davis knew nothing about it. Davis's testimony was to the same effect. The principal evidence connecting Davis with the crime was his asserted in-custody confession, in which he admitted that he knew that Overton entered the liquor store with the intention of committing robbery.

As we have said, Overton and Davis were picked up in North Little Rock at about midnight. An hour or so later they were turned over to the Little Rock police, who questioned them separately at about two o'clock in the morning. According to the State's proof the officers warned Davis of his right to remain silent and of his right to an attorney. After having been so warned Davis at first said that he did not want to tell what had happened. The officers nevertheless continued the interrogation. Davis then said that he was willing to discuss the case but that he would rather not sign anything. The officers soon elicited the oral confession that constituted the principal evidence against Davis at the trial.

Under the ruling in *Miranda* v. *Arizona*, 384 U. S. 436 (1966), the alleged confession was plainly inadmissible. There the court, after detailing the officers' duty to warn a suspected person of his constitutional rights, went on to say: "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any state-

ment taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." Here the State's own proof shows that the rule just quoted was violated by the officers who interrogated Davis. His asserted confession was therefore inadmissible.

Reversed and remanded.