JIMMY DALE WILSON v. STATE OF ARKANSAS

5330                                    426 S. W. 2d 375

Opinion delivered April 8, 1968
[Rehearing denied May 6, 1968.]

*Jack Yates* and *Theron Agee,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Jimmy Dale Wilson has appealed from his conviction of the crime of robbery, alleged to have been committed in the Ozark District of Franklin County, Arkansas, on August 26, 1967. The evidence was sufficient to support the verdict of the jury finding appellant guilty of the accusation of having, along with one Loyd Miller, robbed one Joe Bartlett. For reversal appellant contends that the trial judge permitted the prosecuting attorney to exhibit, read questions from, and comment on a purported written, but unsigned, in-custody confession made by appellant in the presence of the prosecuting attorney, deputy prosecuting attorney, the sheriff, a deputy sheriff, the jailer and the secretary to the deputy prosecuting attorney.

Appellant was arrested by the Criminal Investigation Division of the State Police Department at the recruiting station in Little Rock on Tuesday following the Saturday on which the robbery was committed. While in custody in Little Rock he was identified by Dorothy Bartlett, the wife of the victim.

Sheriff W. Dee Gober was called as a witness by the State. After testifying that appellant was taken into custody in Little Rock, he stated that appellant made a statement after he was returned to Ozark. When the prosecuting attorney asked the sheriff to state the circumstances surrounding the making of the statement, the trial judge properly recessed the trial and conducted a hearing in chambers to determine the admissibility of

any statement made by appellant. During this hearing, it was shown that the Criminal Investigation Division officers, in the presence of Sheriff Gober, advised appellant of his right to remain silent, his right to counsel and his right to stop answering questions at any time, and of the fact that anything he said might be used against him in court. Appellant was not questioned while in Little Rock and did not make any statement there. On the day following his arrest, appellant was brought back to Ozark. According to the sheriff, appellant asked, on the morning of September 1st, if the prosecuting attorney could come down so appellant could make a statement. The sheriff stated that Deputy Prosecuting Attorney Cravens came to a living room in the jail at 1 p.m. and again advised appellant of his constitutional rights and that appellant signed a statement in the presence of W. Dee Gober and M. F. McClellan relating to the giving of this advice. Sheriff Gober testified that a statement was then voluntarily given by appellant and that during the questioning appellant was repeatedly advised that he should not make the statement if he did not want to do so.

On cross-examination the sheriff stated that Wilson never did sign this statement. Appellant's counsel then objected to the introduction of the oral statement, but the trial judge ruled that it was voluntary. Appellant's attorney's objection to the introduction of the unsigned written confession was sustained by the trial judge who ruled that the officer might not read the statement from the witness stand. No exceptions were taken by appellant to either ruling of the trial judge. At the conclusion of the hearing, the deputy prosecuting attorney stated that the written statement would be put in the file.

The first action to which appellant directs our attention was an examination of the witness Gober about a statement signed by appellant with reference to his constitutional rights. Upon objection by appellant's

counsel, the trial judge advised the prosecuting attorney that this statement was for the record on the hearing to determine the admissibility of statements made by appellant, but not to be introduced in the trial. No exceptions were taken to the trial judge's ruling. No request was made for any further action by the trial judge. The prosecuting attorney did not pursue the matter further. Thus, reversal could not be predicated on this action, even if it had been erroneous. *Bivens* v. *State*, 242 Ark. 362, 413 S. W. 2d 653.

Sheriff Gober was examined and testified at length about oral statements made by appellant on the occasion he had described, without objection by appellant whose attorney cross-examined the witness about circumstances preceding and subsequent to the making of these statements. In the absence of any objection by appellant, the admissibility of these oral statements is not for our consideration on this appeal. *Bivens* v. *State, supra.* On the testimony presented to the trial judge, it seems that he was justified in finding that the statements were voluntary and that there was a conscious, intelligent waiver of constitutional rights by appellant.

Appellant's principal argument is directed toward an incident which occurred during the cross-examination of appellant by the prosecuting attorney about the statements. The entire record on this matter is as follows:

"THE COURT: I think it best that you put that paper back on the table, Mr. Rogers.

MR. YATES: If the Court please, we object to the use of the statement in the presence of the jury.

THE COURT: Both of you approach the bench.

MR. YATES: (Out of the hearing of the Jury) Comes the defendant and moves for a mistrial on the grounds that the Prosecuting Attorney is using

an unsigned statement, not once but several times, and waving it before the Jury during cross-examination in strict violation of the instructions.

THE COURT: He has not been waving it before the Jury, and that motion is overruled.

MR. YATES: Save our exceptions."

There is nothing in the record to indicate that the prosecuting attorney exhibited the unsigned statement, if indeed that is what the "paper" was, to the jury or that any of the jurors was able to see or identify the paper. The trial judge was in an excellent position to observe exactly what took place. Obviously he was alert, for he admonished the prosecuting attorney to put the paper on the table before any objection was made on behalf of appellant. Counsel suggests that the cross-examination of appellant was conducted by the prosecuting attorney by referring to the unsigned statement. Whether this is true or not, we cannot say that the denial of a motion for mistrial by the trial court was an abuse of its discretion in that regard.

Appellant relies on cases such as: *Kasinger v. State,* 234 Ark. 788, 354 S. W. 2d 718; *Davis v. State,* 243 Ark. 157, 419 S. W. 2d 125; *Cabbiness v. State,* 241 Ark. 898, 410 S. W. 2d 867; *Anderson v. City of El Dorado,* 243 Ark. 137, 418 S. W. 2d 801; *Escobedo v. State of Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977; *Binns v. State,* 233 Ark. 259, 344 S. W. 2d 841; *Turner v. Pennsylvania,* 338 U. S. 62, 69 S. Ct. 1352, 93 L. Ed. 1810; *Watts v. Indiana,* 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801; *Miranda v. State of Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. None of them, except the *Miranda* case, is applicable here.

In the *Kasinger* case there was rather convincing evidence that a confession admitted into evidence was involuntary. No evidence was offered in the hearing on

the admissibility of appellant's statements to indicate that the confession was involuntary. In *Davis* v. *State, supra,* the State's evidence clearly showed that the oral confession constituting the principal evidence against Davis was elicited by interrogation after he had stated that he did not want to tell what had happened. No such evidence was offered in this case. In *Cabbiness,* the record clearly showed that the prosecuting attorney pursued a line of inquiry with reference to a weapon which the court had clearly held inadmissible. The record here does not disclose any like conduct on the part of the prosecuting attorney. As a matter of fact, the court's ruling on appellant's objection states facts contrary to appellant's contention. In the *Anderson* case, the trial court held that the State had failed to meet the burden of proving that the defendant's statement was made after he had been advised of his right to counsel. In this case the only evidence shows that appellant was advised of his right to counsel prior to his making any statement. In *Escobedo,* the accused was denied a positive request for advice of counsel during interrogation. There is no evidence of any request for counsel by appellant. In *Binns* v. *State,* the reversal was based on undisputed evidence that the defendant there was subjected to almost continuous interrogation for 52 hours before he made a confession. In the *Watts* and *Turner* cases there were similar periods of interrogation. Here, the evidence indicates that there was no prolonged interrogation, but that appellant himself indicated, without any questioning, that he wanted to make a statement.

The only evidence which the trial court had to consider on the question of appellant's statements shows full compliance with the requirements of the *Miranda* decision.

Finding no error, we affirm the judgment.