## Glenn MATHIS v. STATE of Arkansas

5550

464 S. W. 2d 48

Opinion delivered February 22, 1971
[Rehearing denied March 29, 1971.]

*Henry C. Robinson* and *Harold L. Hall,* for appellant.

*Joe Purcell,* Attorney General; *Garner Taylor, Jr.,* Asst. Atty. Gen., for appellee.

Carleton Harris, Chief Justice. Glenn Mathis, appellant herein, was convicted of burglary and grand larceny in the Pulaski County Circuit Court and was sentenced to serve two years in the State Penitentiary. Evidence on the part of the state reflected that Officer F. M. Elton of the Little Rock Police Department, on May 24, 1968, while patrolling the area around Eleventh and Bond Street, noticed that the light was turned off at Buddy Brothers DX Service Station. Investigation revealed that the back window had been broken open, the cigarette machine also broken open, and the telephone had been torn from the wall. Subsequent investigation

by Little Rock officers revealed that some tools had also been taken from the service station. On the same night that the burglary occurred, Little Rock officers stopped an automobile occupied by three persons, including Mathis. Mathis was sitting in the rear seat. Officer Larry Starks testified that he told appellant to get out of the car, and noticed at the same time that Mathis was emptying his pockets of change. According to Starks, both pockets were full of change, and the total amount recovered (from appellant's pockets and off the back floor) was $45.05. There were also tools visible which were lying on the floor, a wrench and a long screw driver, the screw driver having a yellow handle with blue paint on the end of it. Buddy Brothers identified some of the tools as belonging to him, stating "They called me over there early in the morning and discovered it all broke, tools gone and asked me if I could identify this big screw driver and I said sure, we got a special blue DX paint that I dip them in and which is easy to identify, and I had worked with the tools for about, some of them, fifteen years". This was the evidence offered by the state at the trial, and from the judgment entered, appellant brings this appeal. For reversal, it is first asserted that Mathis was arrested without probable cause, and it is then urged that the evidence was insufficient to support the verdict.

Mathis, who denied having both pockets full of change, and denied dumping change out of his pockets as he prepared to get out of the car, testified that he, with the two others in the automobile, had been drinking at the Executive Club and were on their way to the 609 Club at the time of the arrest. He said no traffic laws were being violated, and that no search warrant was exhibited at the time the car was stopped and the arrest made.

The short answer to appellant's first contention (that he was arrested without probable cause in violation of his rights under the Constitution of the United States and of the State of Arkansas) is that we cannot consider it since the contention was not made in the court below. We have consistently held that a point

cannot be raised on appeal unless timely objection was made at the trial below. *Bivens* v. *State,* 242 Ark. 362, 413 S. W. 2d 653, and cases cited therein. The record does not reveal that appellant, at any time, either before or during the trial, ever asserted or argued that the arrest was made without probable cause. It follows that there is no merit in this contention.

As to the second point, we have already related the facts upon which the state relied. Of course, the evidence was circumstantial, but it was certainly sufficient to sustain the conviction. In *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186, we said:

"The defendant was convicted on circumstantial evidence, but there is no difference in the effect between circumstantial evidence and direct evidence. In either case it is a question for the jury to determine, and, if the jury believes from the circumstances introduced in evidence, beyond a reasonable doubt, that the defendant is guilty, it is the duty of the jury to find him guilty just as it would be if the evidence was direct."[1]

When we consider that tools found in the car were identified by Brothers as belonging to him, that appellant's pockets, according to the officers, were full of change, and that the testimony on the part of the state reveals that he was trying to empty his pockets just prior to arrest, the state has shown strong circumstances of guilt. This is particularly true when we consider that Mathis, though testifying, gave no explanation of the large amount of change found in his pockets and on the back floor of the automobile. Appellant simply denied that he had any large amount of change in his pockets or that he dumped any on the floor. Accordingly, we have simply a matter of which witnesses the court chose to believe. The evidence was sufficient to sustain the verdict.

Affirmed.

[1]In the case now before us, the trial was conducted by the court, sitting as a jury, but the rule, is of course, the same.