UNDRA FURLOW *v.* STATE OF ARKANSAS

5641                                          475 S.W. 2d 524

Opinion delivered January 17, 1972
[Rehearing denied February 21, 1972.]

*Bruce Bennett* and *Thorp Thomas,* for appellant.

*Ray Thornton,* Attorney General; *James A. Neal,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with murder in the second degree, was found guilty and sentenced to imprisonment for fifteen years. He questions the sufficiency of the evidence and several rulings made by the court.

The evidence is amply sufficient to support the verdict. The appellant, Undra Furlow, and the decedent, Curtis Lumsey, had been shooting dice with several other persons in a beer tavern in Union county. A quarrel about money arose between Furlow and Lumsey. There is some dispute about whether Lumsey drew a knife from his pocket, but there is no question about Furlow's having drawn a pistol from his own pocket. In fact, Furlow admitted that fact in his testimony at the trial, though he also insisted that the weapon would not fire and that someone else in the room must have shot Lumsey. While no witness for the State testified that Furlow fired the fatal shot, there was an abundance of proof from which the jury might have so found. Moreover, the State introduced a confession in which he stated that he shot Lumsey. In similar cases we have held the State's proof sufficient to sustain the conviction. *Mumphrey* v. *State,* 251 Ark. 25, 470 S. W. 2d 589 (1971); *Murchison* v. *State,* 249 Ark. 861, 462 S. W. 2d 853 (1971).

With respect to the confession, the appellant argues that the court erred in not submitting the issue of its voluntariness to the jury. There was no such request. The court conducted a Denno hearing in chambers and found, upon sufficient evidence, that the confession was admissible. That is all the statute requires. Ark. Stat. Ann. § 43-2105 (Supp. 1969).

We find no abuse of discretion in the court's action in permitting the prosecuting attorney to treat the defendant's father as a hostile witness, nor any prejudice even if the ruling had been erroneous. See *Taylor* v. *State*, 82 Ark. 540, 102 S. W. 367 (1907). Finally, there was no error in the court's failure to instruct the jury upon the law of self-defense, not only because no such instruction was asked but also because Furlow testified positively that he did not shoot Lumsey at all and so could not have consistently urged that he acted in self-defense.

Affirmed.