Velma Jean WEBB *v.* STATE of Arkansas

CR 75-25                                        522 S.W. 2d 406

Opinion delivered May 12, 1975

*Harkness, Friedman & Kusan,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, after the fatal shooting of Carvin Cooper, was charged with voluntary manslaughter, was found guilty by a jury, and was sentenced to seven years' imprisonment. For reversal the appellant contends that the trial court erred in allowing the State to prove by Officer Furlow the substance of an oral confession made by Mrs. Webb a short while after the homicide. We have concluded that the contention must be sustained.

As will be seen, the facts are somewhat similar to those in *Davis* v. *State,* 243 Ark. 157, 419 S.W. 2d 125 (1967). There the accused, after having been warned of his right to remain silent, at first said that he did not want to tell what had happened. The officers nevertheless continued the interrogation and soon elicited an oral confession. In finding reversible error we said:

> Under the ruling in *Miranda* v. *Arizona,* 384 U.S. 436 (1966), the alleged confession was plainly inadmissible. There the court, after detailing the officers' duty to warn a suspected person of his constitutional rights, went on to say: "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." Here the State's own proof shows that the rule just quoted was violated by the of-

ficers who interrogated Davis. His asserted confession was therefore inadmissible.

In the case at bar Mrs. Webb was arrested at her home, where the homicide took place, and was taken to police headquarters in Magnolia. At the *Denno* hearing Officer Furlow testified that he warned Mrs. Webb of her rights though he did not ask her to sign a waiver. Officer Furlow noted in his written report that Mrs. Webb said she would rather see a lawyer before answering any questions, but the officer did not offer to allow her to call an attorney. Mrs. Webb testified that the officer, without informing her of her right to an attorney, first asked her what had happened. Although she indicated her desire to have her attorney present while she made a statement, the officer did not offer to call a lawyer, did not tell her that she could use the telephone for that purpose, and started asking questions. According to Mrs. Webb she was not informed of her rights until after she had told Officer Furlow what had happened.

At the *Denno* hearing Officer Furlow went on to testify that after Mrs. Webb told him that she didn't wish to answer any questions until she had talked to an attorney, she said that she would go ahead and tell him about it. She then "talked at length on what happened," but the officer's summary of her statements takes only a few sentences. The officer did not tape her statement or have it stenographically recorded, as he sometimes did.

Officer Furlow stated that he did not ask Mrs. Webb any questions about the occurrence, but his own testimony hardly supports that assertion. For instance, a disputed point of fact at the trial was whether Mrs. Webb had fired two shots or three. Yet this was the officer's testimony at *Denno:*

Q. Did she say anything about firing of a third shot?

A. She did not. She didn't deny the third shot, but she said two was all she knew about.

Obviously Mrs. Webb was questioned about the third shot,

else why would the officer say that she did not deny it? Again, the officer testified that he did not think the interrogation took over thirty minutes. We are not persuaded that Mrs. Webb talked voluntarily about the occurrence for half an hour without being questioned.

In *Miranda* and *Davis, supra*, it was pointed out that if the accused indicates in any manner that he wishes to remain silent, the interrogation must cease. There is no reason why the same principle should not apply to the situation here. The State's own proof shows that Mrs. Webb announced her desire not to be questioned in the absence of her attorney. The issue is whether the interrogation was pressed in spite of that announcement. In reviewing such an issue we make our own determination upon the totality of the circumstances and set aside the trial court's finding if it appears to be clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974). Upon the record as a whole we are unable to sustain the trial judge's conclusion that the in-custody confession was voluntary.

Reversed and remanded.