Charlie Mack JAMISON *v.* STATE of Arkansas

CR 80-216                                    611 S.W. 2d 753

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Davies Cross*, Deputy Defender; *Percy A. Wright;* and *Bill E. Ross,* Mississippi County Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On December 22, 1976, a liquor store in Blytheville was robbed by two masked men, whom the clerk could not positively identify. The appellant Jamison was arrested as a suspect and after having been warned of his rights made a statement in which he admitted his participation in the crime. Jamison chose to take entire responsibility for the robbery, refusing to identify his accomplice. He was convicted of aggravated robbery by a jury and received a 30-year sentence. We granted a belated appeal in 1980. The only argument for reversal is that the verdict is not supported by substantial evidence.

There was adequate proof that the robbery was committed by someone; so an extra-judicial confession is sufficient to support the conviction. Ark. Stat. Ann. § 43-2115 (Repl.

1977);*Hargett* v. *State*, 235 Ark. 189, 357 S.W. 2d 533 (1962). Jamison argues, however, that his confession does not amount to substantial evidence, because the State failed to overcome the presumption that an in-custody confession is involuntary.

The great weakness in this argument is that Jamison, as he admits in his brief, was represented by retained counsel and waived any right to a Denno hearing by choosing to present his challenge to the confession only to the jury. That strategy evidently failed, but it leaves us without the benefits of the trial judge's possible determination of voluntariness on the basis of his having heard the testimony in chambers. The question of voluntariness was not submitted to the jury, there being no request for such an instruction. See *Furlow* v. *State*, 251 Ark. 757, 475 S.W. 2d 524 (1972). Jamison took the witness stand and denied much of the confession, but the proof is in such conflict that it is impossible to say as a matter of law that the confession was involuntary and inadmissible. It therefore constitutes substantial evidence supporting the verdict.

Affirmed.